IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABBY B. CONLEY,

    Plaintiff

v.

COUNTY OF ERIE, ERIE COUNTY OFFICE
OF CHILDREN AND YOUTH, a/k/a ERIE
COUNTY CHILD WELFARE SERVICE,
RICHARD SCHENKER, individually and in
his capacity as County Executive of Erie
County, Pennsylvania, PETER CALLAN,
individually and in his capacity as Erie County
Director of Personnel, DEBRA LIEBEL,
individually and in her capacity as Executive
Director, Erie County Office of Children and
Youth, a/k/a Erie Child Welfare Service and
JOHN A. ONORATO, ESQUIRE, individually
and in his capacity as Erie County Solicitor,

    Defendants

**JURY TRIAL DEMANDED**

Civil Action No.: 05-CV-76 E

Judge Sean J. McLaughlin

## DEFENDANT JOHN A. ONORATO'S MOTION FOR LEAVE TO FILE A SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES

AND NOW comes Defendant, John A. Onorato, Esquire, by and through his attorneys, Dell, Moser, Lane and Loughney, LLC, and Mark R. Lane, Esquire, and moves this Honorable Court for an Order allowing him to amend his Answer to include affirmative defenses to Plaintiff's Complaint and to specifically address the averments contained within ¶¶ 58-64 of Plaintiff's Complaint.

1. Plaintiff's Complaint alleges against John A. Onorato, Esquire, in his official capacity, violation of 42 USC § 1983, conspiracy to violate 42 USC § 1983, violation of the Whistleblower Law (43 Pa.C.S. §§ 1421 – 1428), and wrongful discharge. The Complaint further

alleges claims against Mr. Onorato, individually, for defamation and violation of 42 USC § 1983. *See* Complaint, ¶¶ 33-52 and ¶¶ 57-64.

2. Defendant, John A. Onorato, Esquire, filed his Answer to Plaintiff's Complaint jointly with all other Defendants on March 31, 2005.

3. The Defendants filed Amended Answers on April 15, 2005.

4. On June 9, 2005, Edmond R. Joyal, Jr., Esquire, formally withdrew as counsel for John A. Onorato, Esquire, and undersigned counsel, Mark R. Lane, Esquire, entered his appearance as counsel of record for Mr. Onorato.

5. Defendant Onorato now moves this Honorable Court for an Order allowing him to amend his Answer to Plaintiff's Complaint to include the affirmative defenses of absolute privilege, conditional privilege and Plaintiff's status as a public figure. These affirmative defenses relate solely to Plaintiff's claim for defamation.

6. Mr. Onorato, in his official capacity as Erie County Solicitor, qualifies as a high public figure due to the character and nature of his official duties, the importance of the office and the policy-making functions which the office entails. *See* Montgomery v. Philadelphia, 392 Pa. 178, 140 A.2d 100 (1958) (addressing the criteria which allow for the conferral of high public official status).

7. "The doctrine of absolute privilege for high public officials . . . is unlimited and exempts a high public official from all civil suits for damage arising out of false and defamatory statements and even from statements or actions motivated by malice, provided the statements are made or the actions are taken in the course of the official's duties or powers and within the scope of his authority, or as it is sometimes expressed, within his jurisdiction." *See* Lindner v. Mollan, 677 A.2d 1194, 1195 (1996).

8. The Plaintiff specifically avers that Mr. Onorato, in his official capacity as County Solicitor, was responsible for the formulation and execution of policy for the County. *See* Complaint, ¶ 10.

9. A person's status as a high public official depends on "the nature of his duties, the importance of his office, and particularly whether or not he has policy-making functions." Linder, 677 A.2d at 1198, *citing,* Montgomery, 140 A.2d at 100.

10. As such, John A. Onorato, Esquire, a high public official, is entitled to the protections afforded under the doctrine of absolute privilege as a defense to Plaintiff's defamation claim.

11. "An occasion is conditionally privileged when the circumstances are such as to lead any one of several persons having a common interest in a particular correctly or reasonably to believe that facts exist which another sharing such common interest is entitled to know." *See* Rankin v. Phillippe, 206 Pa. Super. 27, 211 A.2d 56, 58 (1965). *See also* Davis v. Resources for Human Development, Inc., 770 A.2d 353, 358 (Pa. Super. 2001).

12. Defendant, John A. Onorato, Esquire, in his official capacity as Erie County Solicitor, was obligated to address matters of public importance. Therefore, Defendant is entitled to invoke the protections of conditional privilege as a defense to Plaintiff's defamation claim.

13. Plaintiff, Abby B. Conley, willfully thrust herself into the public forum by seeking to draw public attention to herself and to the events which she claims resulted in her termination. In doing so, Abby B. Conley has, herself, acquired public figure status. *See* Gertz v. Robert Welch, Inc., 418 U.S. 323, 351 (1976) (*"[A]n individual voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited*

*range of issues.*") *See also* Steaks Unlimited, Inc. v. Deaner, 468 F.Supp. 779 (W.D.PA. 1979) (*citing* Gertz).

14. Defendant, John A. Onorato, Esquire, is entitled to assert the affirmative defense of Plaintiff's public figure status as a defense to her defamation claim.

15. Defendant Onorato also requests permission from this Honorable Court for leave to amend his Answer to Plaintiff's Complaint to include specific responses to ¶¶ 58-64 of Plaintiff's Complaint.

16. In what was apparently an oversight, this Defendant's Amended Answer and Affirmative Defenses did not specifically respond to the allegations contained within ¶¶ 58-64 of Plaintiff's Complaint.

17. Consequently, the Defendant now requests permission to respond specifically to those averments which allege wrongdoing on the part of the Defendant.

18. Fed.R.C.P. 15(a) states, "…a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

19. "The Federal Rules of Civil Procedure provide that leave to amend a pleading 'shall be freely given when justice so requires.' (Fed.R.Civ.P. 15(a)). Although the decision to grant or deny leave to amend a complaint is committed to the sound discretion of the district court, leave should, consistent with the command of Rule 15(a), be liberally granted." Lindsley Ex. Rel. Kolodziejczack v. Girard School, 213 F.Supp.2d 523, 528 (W.D.Pa. 2002); *See also* Gay v. Petsock, 917 F.2d 768, 772 (3d Cir. 1990). "The United States Supreme Court has articulated the following standard to be applied in evaluating whether to grant or deny leave to amend: 'In the absence of any apparent or declared reason . . . the leave sought should, as the

rules require, be 'freely given.'" Lindsley, at 528, *citing*, Foman v. Davis, 371 U.S. 178, 183 (1962).

20.    The proposed amendments herein will not prejudice the Plaintiff, and the interests of justice shall be served by this amendment.

21.    Defendant has attached as Exhibit "A" the Second Amended Answer and Affirmative Defenses which he proposes to file in the event this Motion is granted. The Second Amended Answer and Affirmative Defenses is different from the original by virtue of minor syntax changes throughout to reflect the narrowed focus on the singular, Defendant Onorato, the addition of specific responses to ¶¶ 58-64 of Plaintiff's Complaint, and the addition of the last three Affirmative Defenses identified therein as the Thirteenth, Fourteenth and Fifteenth Affirmative Defenses.

WHEREFORE, Defendant, John A. Onorato, Esquire, requests leave of Court to file a Second Amended Answer to Plaintiff's Complaint to specifically respond to ¶¶ 58-64 of Plaintiff's Complaint and to include the affirmative defenses of absolute privilege, conditional privilege and Plaintiff's status as a public figure.

Respectfully Submitted:

DELL MOSER LANE & LOUGHNEY, LLC

_____
Mark R. Lane, Esquire
Pa. I.D. No. 61923

**JURY TRIAL DEMANDED**      Attorneys for Defendant, John A. Onorato, Esquire

525 William Penn Place, Suite 3700
Pittsburgh, PA  15219
(412) 471-1180

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABBY B. CONLEY,

    Plaintiff

v.

COUNTY OF ERIE, ERIE COUNTY OFFICE OF CHILDREN AND YOUTH, a/k/a ERIE COUNTY CHILD WELFARE SERVICE, RICHARD SCHENKER, individually and in his capacity as County Executive of Erie County, Pennsylvania, PETER CALLAN, individually and in his capacity as Erie County Director of Personnel, DEBRA LIEBEL, individually and in her capacity as Executive Director, Erie County Office of Children and Youth, a/k/a Erie Child Welfare Service and JOHN A. ONORATO, ESQUIRE, individually and in his capacity as Erie County Solicitor,

    Defendants.

**JURY TRIAL DEMANDED**

Civil Action No.: 05-CV-76 E

Judge Sean J. McLaughlin

## SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JOHN A. ONORATO, ESQUIRE

AND NOW comes the Defendant, John A. Onorato, Esquire, individually and in his official capacity, by and through his attorneys, Dell, Moser, Lane & Loughney, LLC, and Mark R. Lane, Esquire, and files the within Second Amended Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### I. INTRODUCTION

1.     The averments of paragraph 1 constitute conclusions of law to which no response is required.

### II. JURISDICTION AND VENUE

2.     The averments of paragraph 2 constitute conclusions of law to which no response is required. To the extent that a response may be required, the averments are denied.


EXHIBIT "A"

3. The averments of paragraph 3 constitute conclusions of law to which no response is required. To the extent that a response may be required, the averments are denied.

### III. PARTIES

4. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4. Therefore, same are denied and strict proof is demanded at the time of trial.

5. The averments of paragraph 5 constitute conclusions of law to which no response is required. To the extent that a response is required, this Defendant denies the averments contained therein.

6. The averments of paragraph 6 constitute conclusions of law to which no response is required. To the extent that a response is required, this Defendant denies the averments contained therein.

7. The averments of paragraph 7 constitute conclusions of law to which no response is required. To the extent that a response is required, this Defendant denies the averments contained therein.

8. The averments of paragraph 8 constitute conclusions of law to which no response is required. To the extent that a response is required, this Defendant denies the averments contained therein.

9. The averments of paragraph 9 constitute conclusions of law to which no response is required. To the extent that a response is required, this Defendant denies the averments contained therein.

10. The averments of paragraph 10 constitute conclusions of law to which no response is required. To the extent that a response is required, this Defendant denies the averments contained therein.

## IV. FACTUAL BACKGROUND

11. The averments of paragraph 11 are admitted.

12. The averments of paragraph 12 constitute conclusions of law to which no response is required.

13. The averments of paragraph 13 constitute conclusions of law to which no response is required.

14-24. In response to the averments contained in paragraphs 14-24, this Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, same are denied and strict proof is demanded at time of trial.

25-28. In response to the averments contained in paragraphs 25-28, this Defendant denies the averments.

29-32. This Defendant denies the averments contained in paragraphs 29-32.

## V. CLAIMS

### FIRST CLAIM

VIOLATION OF 42 U.S.C. §1983 BY THE COUNTY OF ERIE, THE ERIE COUNTY OFFICE OF CHILDREN AND YOUTH, RICHARD SCHENKER, IN HIS OFFICIAL CAPACITY, DEBRA LIEBEL, IN HER OFFICIAL CAPACITY, PETER CALLAN, IN HIS OFFICIAL CAPACITY AND JOHN A. ONORATO, ESQUIRE, IN HIS OFFICAL CAPACITY

33. This Defendant repeats and incorporates by reference his responses to paragraphs 1-32 as if restated at length.

34-38. The averments contained within paragraphs 34-38 constitute conclusions of law to which no response is required. To the extent that a response is required this Defendant denies the averments contained therein.

## SECOND CLAIM

### Violation of 42 U.S.C. §1983 by the County of Erie, The Erie County Office of Children and Youth, Richard Schenker, in his official capacity, Debra Liebel, in her official capacity, Peter Callan, in his official capacity and John A. Onorato, Esquire, in his offical capacity

39.  This Defendant repeats and incorporates by reference his responses to paragraphs 1-38 as if restated at length.

40-43. The averments contained within paragraphs 40-43 constitute conclusions of law to which no response is required. To the extent that a response is required the Defendant denies the averments contained therein.

## THIRD CLAIM

### Conspiracy to Violate 42 U.S.C. §1983 by the County of Erie, The Erie County Office of Children and Youth, Richard Schenker, in his official capacity, Debra Liebel, in her official capacity, Peter Callan, in his official capacity and John A. Onorato, Esquire, in his offical capacity

44.  This Defendant repeats and incorporates by reference his responses to paragraphs 1-43 as if restated at length.

45.  The averments contained within paragraph 45 are denied.

## FOURTH CLAIM

### Conspiracy to Violate 42 U.S.C. §1983 by the County of Erie, The Erie County Office of Children and Youth, Richard Schenker, in his official capacity, Debra Liebel, in her official capacity, Peter Callan, in his official capacity and John A. Onorato, Esquire, in his offical capacity

46.    This Defendant repeats and incorporates by reference his responses to paragraphs 1-45 as if restated at length.

### FIFTH CLAIM

**VIOLATION OF THE WHISTLEBLOWER LAW (43 PA C.S. §§1421-1428) BY THE COUNTY OF ERIE, THE ERIE COUNTY OFFICE OF CHILDREN AND YOUTH, RICHARD SCHENKER, IN HIS OFFICIAL CAPACITY, DEBRA LIEBEL, IN HER OFFICIAL CAPACITY, PETER CALLAN, IN HIS OFFICIAL CAPACITY AND JOHN A. ONORATO, ESQUIRE, IN HIS OFFICAL CAPACITY**

47.    This Defendant repeats and incorporates by reference his responses to paragraphs 1-46 as if restated at length.

48.    The averments contained within paragraph 48 are denied.

### SIXTH CLAIM

**WRONGFUL DISCHARGE BY THE COUNTY OF ERIE, THE ERIE COUNTY OFFICE OF CHILDREN AND YOUTH, RICHARD SCHENKER, IN HIS OFFICIAL CAPACITY, DEBRA LIEBEL, IN HER OFFICIAL CAPACITY, PETER CALLAN, IN HIS OFFICIAL CAPACITY AND JOHN A. ONORATO, ESQUIRE, IN HIS OFFICAL CAPACITY**

49.    This Defendant repeats and incorporates by reference his responses to paragraphs 1-48 as if restated at length.

50-52.    The averments contained in paragraphs 50-52 constitute conclusions of law to which no response is required. To the extent that a response may be required, the Defendant denies the averments contained therein.

### SEVENTH CLAIM

**DEFAMATION AND VIOLATIONS OF 42 U.S.C. §1983 BY RICHARD SCHENKER, INDIVIDUALLY**

53.    This Defendant repeats and incorporates by reference his responses to paragraphs 1-52 as if restated at length.

54-56. The averments contained in paragraphs 53-56 are not directed to this Defendant. Therefore, no response is required of him. To the extent that a response may be required, the Defendant denies the averments contained therein.

### EIGHTH CLAIM

#### DEFAMATION AND VIOLATIONS OF 42 U.S.C. §1983 BY JOHN A. ONORATO, ESQUIRE, INDIVIDUALLY

57. This Defendant repeats and incorporates by reference his responses to paragraphs 1-56 of Plaintiff's Complaint as if restated at length.

58. The averments contained within paragraph 58 of Plaintiff's Complaint are admitted.

59. The averments contained within paragraph 59 of Plaintiff's Complaint are admitted. In further response, Mr. Onorato was a witness in that proceeding and, therefore, chose to retain the services of outside counsel.

60. The averments contained within paragraph 60 of Plaintiff's Complaint are admitted in part and denied in part. Mr. Onorato admits that Ms. Conley withdrew her appeal. After reasonable investigation this defendant is without knowledge or information sufficient to form a conclusion as to the truth or falsity of the remaining allegations contained within paragraph 60. Therefore, the same are denied and strict proof thereof is demanded.

61. The averments contained within paragraph 61 of Plaintiff's Complaint are admitted in part and denied in part. Mr. Onorato admits that in the course of representing the County, MacDonald Illig Jones and Britton billed the County $56,000 for services rendered between September, 2004, and November, 2004. Mr. Onorato also admits that this billing information was the subject of an article published by the Erie Times News. After reasonable investigation, this defendant is without knowledge or information sufficient to form a conclusion

6

as to date of publication of this article. Therefore, the same is denied and strict proof thereof is demanded.

62. The averments contained within paragraph 62 of Plaintiff's Complaint are admitted.

63. The averments contained within paragraph 63 of Plaintiff's Complaint are admitted in part and denied in part. Mr. Onorato admits having stated to the Times News reporter that Ms. Conley had committed "an egregious breach of confidentiality" and that the large bill was justified "in defense of the children." The remaining allegations contained with paragraph 63 are denied and strict proof thereof is demanded.

64. The averments contained in paragraph 64 of Plaintiff's Complaint are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim against the Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Defendant's actions conformed to all applicable laws and regulations at all times relevant hereto.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred by the Statute of Limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's cause of action is barred by the doctrines of collateral estoppel and/or *res judicata*.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff was not deprived of any right secured by the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of this action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

This Defendant denies each and every other allegation, matter and averment made or contained within Plaintiff's Complaint not specifically and previously admitted herein.

## NINTH AFFIRMATIVE DEFENSE

This Defendant asserts all other defenses, immunities and limitations of damages available to him under the Political Subdivision Tort Claims Act of Pennsylvania and avers that Plaintiff's remedies, if any, are limited exclusively thereto.

## TENTH AFFIRMATIVE DEFENSE

This Defendant states that while it denies the allegations and averments made or contained in Plaintiff's Complaint, any and all acts or actions committed by its employees were discretionary in nature and taken in good faith.

### ELEVENTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to plead and assert additional Affirmative Defenses when facts supporting said Affirmative Defenses become known and available.

### TWELFTH AFFIRMATIVE DEFENSE

There has been insufficient service of process.

### THIRTEENTH AFFIRMATIVE DEFENSE

This Defendant asserts as a defense the protection of absolute privilege afforded to high public officials.

### FOURTEENTH AFFIRMATIVE DEFENSE

This Defendant asserts as a defense the protection of conditional privilege.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff qualifies as a public figure.

WHEREFORE, Defendant denies any and all liability and demands that judgment be entered in his favor with costs and attorney's fees.

Respectfully Submitted:

DELL MOSER LANE & LOUGHNEY, LLC

**JURY TRIAL DEMANDED**

_____
Mark R. Lane, Esquire
Pa. I.D. No. 61923
Attorneys for Defendant, John A. Onorato, Esquire

525 William Penn Place, Suite 3700
Pittsburgh, PA 15219
(412) 471-1180

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **Defendant John A. Onorato's Motion for Leave to File a Second Amended Answer and Affirmative Defenses** has been served upon all counsel of record by U.S. Mail, postage prepaid, this 15th day of August, 2005 as follows:

        Anthony Angelone, Esquire
        Vendetti & Vendetti
        3820 Liberty Street
        Erie, PA 16509
        *Counsel for Plaintiff*

        Timothy D. McNair, Esquire
        Law office of Timothy D. McNair
        821 State Street
        Erie, PA 16501
        *Counsel for Plaintiff*

        Edmond R. Joyal, Esquire
        Gigler & Joyal
        612 Frick Building
        437 Grant Street
        Pittsburgh, PA 15219
        Counsel for County of Erie, et al.

        _____
        Mark R. Lane, Esquire
        Attorney for Defendant,
        John A. Onorato, Esquire