IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABBY B. CONLEY,

    Plaintiff

v.

COUNTY OF ERIE, ERIE COUNTY OFFICE OF CHILDREN AND YOUTH, a/k/a ERIE COUNTY CHILD WELFARE SERVICE, RICHARD SCHENKER, individually and in his capacity as County Executive of Erie County, Pennsylvania, PETER CALLAN, individually and in his capacity as Erie County Director of Personnel, DEBRA LIEBEL, individually and in her capacity as Executive Director, Erie County Office of Children and Youth, a/k/a Erie Child Welfare Service and JOHN A. ONORATO, ESQUIRE, individually and in his capacity as Erie County Solicitor,

    Defendants.

**JURY TRIAL DEMANDED**

Civil Action No.: 05-CV-76 E

Judge Sean J. McLaughlin

## SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JOHN A. ONORATO, ESQUIRE

AND NOW comes the Defendant, John A. Onorato, Esquire, individually and in his official capacity, by and through his attorneys, Dell, Moser, Lane & Loughney, LLC, and Mark R. Lane, Esquire, and files the within Second Amended Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### I. INTRODUCTION

1.     The averments of paragraph 1 constitute conclusions of law to which no response is required.

### II. JURISDICTION AND VENUE

2.     The averments of paragraph 2 constitute conclusions of law to which no response is required. To the extent that a response may be required, the averments are denied.

3.  The averments of paragraph 3 constitute conclusions of law to which no response is required. To the extent that a response may be required, the averments are denied.

### III.  PARTIES

4.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4. Therefore, same are denied and strict proof is demanded at the time of trial.

5.  The averments of paragraph 5 constitute conclusions of law to which no response is required. To the extent that a response is required, this Defendant denies the averments contained therein.

6.  The averments of paragraph 6 constitute conclusions of law to which no response is required. To the extent that a response is required, this Defendant denies the averments contained therein.

7.  The averments of paragraph 7 constitute conclusions of law to which no response is required. To the extent that a response is required, this Defendant denies the averments contained therein.

8.  The averments of paragraph 8 constitute conclusions of law to which no response is required. To the extent that a response is required, this Defendant denies the averments contained therein.

9.  The averments of paragraph 9 constitute conclusions of law to which no response is required. To the extent that a response is required, this Defendant denies the averments contained therein.

10. The averments of paragraph 10 constitute conclusions of law to which no response is required. To the extent that a response is required, this Defendant denies the averments contained therein.

## IV. FACTUAL BACKGROUND

11. The averments of paragraph 11 are admitted.

12. The averments of paragraph 12 constitute conclusions of law to which no response is required.

13. The averments of paragraph 13 constitute conclusions of law to which no response is required.

14-24. In response to the averments contained in paragraphs 14-24, this Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, same are denied and strict proof is demanded at time of trial.

25-28. In response to the averments contained in paragraphs 25-28, this Defendant denies the averments.

29-32. This Defendant denies the averments contained in paragraphs 29-32.

## V. CLAIMS

### FIRST CLAIM

**VIOLATION OF 42 U.S.C. §1983 BY THE COUNTY OF ERIE, THE ERIE COUNTY OFFICE OF CHILDREN AND YOUTH, RICHARD SCHENKER, IN HIS OFFICIAL CAPACITY, DEBRA LIEBEL, IN HER OFFICIAL CAPACITY, PETER CALLAN, IN HIS OFFICIAL CAPACITY AND JOHN A. ONORATO, ESQUIRE, IN HIS OFFICAL CAPACITY**

33. This Defendant repeats and incorporates by reference his responses to paragraphs 1-32 as if restated at length.

34-38. The averments contained within paragraphs 34-38 constitute conclusions of law to which no response is required. To the extent that a response is required this Defendant denies the averments contained therein.

### SECOND CLAIM

**VIOLATION OF 42 U.S.C. §1983 BY THE COUNTY OF ERIE, THE ERIE COUNTY OFFICE OF CHILDREN AND YOUTH, RICHARD SCHENKER, IN HIS OFFICIAL CAPACITY, DEBRA LIEBEL, IN HER OFFICIAL CAPACITY, PETER CALLAN, IN HIS OFFICIAL CAPACITY AND JOHN A. ONORATO, ESQUIRE, IN HIS OFFICAL CAPACITY**

39. This Defendant repeats and incorporates by reference his responses to paragraphs 1-38 as if restated at length.

40-43. The averments contained within paragraphs 40-43 constitute conclusions of law to which no response is required. To the extent that a response is required the Defendant denies the averments contained therein.

### THIRD CLAIM

**CONSPIRACY TO VIOLATE 42 U.S.C. §1983 BY THE COUNTY OF ERIE, THE ERIE COUNTY OFFICE OF CHILDREN AND YOUTH, RICHARD SCHENKER, IN HIS OFFICIAL CAPACITY, DEBRA LIEBEL, IN HER OFFICIAL CAPACITY, PETER CALLAN, IN HIS OFFICIAL CAPACITY AND JOHN A. ONORATO, ESQUIRE, IN HIS OFFICAL CAPACITY**

44. This Defendant repeats and incorporates by reference his responses to paragraphs 1-43 as if restated at length.

45. The averments contained within paragraph 45 are denied.

### FOURTH CLAIM

**CONSPIRACY TO VIOLATE 42 U.S.C. §1983 BY THE COUNTY OF ERIE, THE ERIE COUNTY OFFICE OF CHILDREN AND YOUTH, RICHARD SCHENKER, IN HIS OFFICIAL CAPACITY, DEBRA LIEBEL, IN HER OFFICIAL CAPACITY, PETER CALLAN, IN HIS OFFICIAL CAPACITY AND JOHN A. ONORATO, ESQUIRE, IN HIS OFFICAL CAPACITY**

46. This Defendant repeats and incorporates by reference his responses to paragraphs 1-45 as if restated at length.

### FIFTH CLAIM

VIOLATION OF THE WHISTLEBLOWER LAW (43 PA C.S. §§1421-1428) BY THE COUNTY OF ERIE, THE ERIE COUNTY OFFICE OF CHILDREN AND YOUTH, RICHARD SCHENKER, IN HIS OFFICIAL CAPACITY, DEBRA LIEBEL, IN HER OFFICIAL CAPACITY, PETER CALLAN, IN HIS OFFICIAL CAPACITY AND JOHN A. ONORATO, ESQUIRE, IN HIS OFFICAL CAPACITY

47. This Defendant repeats and incorporates by reference his responses to paragraphs 1-46 as if restated at length.

48. The averments contained within paragraph 48 are denied.

### SIXTH CLAIM

WRONGFUL DISCHARGE BY THE COUNTY OF ERIE, THE ERIE COUNTY OFFICE OF CHILDREN AND YOUTH, RICHARD SCHENKER, IN HIS OFFICIAL CAPACITY, DEBRA LIEBEL, IN HER OFFICIAL CAPACITY, PETER CALLAN, IN HIS OFFICIAL CAPACITY AND JOHN A. ONORATO, ESQUIRE, IN HIS OFFICAL CAPACITY

49. This Defendant repeats and incorporates by reference his responses to paragraphs 1-48 as if restated at length.

50-52. The averments contained in paragraphs 50-52 constitute conclusions of law to which no response is required. To the extent that a response may be required, the Defendant denies the averments contained therein.

### SEVENTH CLAIM

DEFAMATION AND VIOLATIONS OF 42 U.S.C. §1983 BY RICHARD SCHENKER, INDIVIDUALLY

53. This Defendant repeats and incorporates by reference his responses to paragraphs 1-52 as if restated at length.

54-56. The averments contained in paragraphs 53-56 are not directed to this Defendant. Therefore, no response is required of him. To the extent that a response may be required, the Defendant denies the averments contained therein.

### EIGHTH CLAIM

#### DEFAMATION AND VIOLATIONS OF 42 U.S.C. §1983
#### BY JOHN A. ONORATO, ESQUIRE, INDIVIDUALLY

57. This Defendant repeats and incorporates by reference his responses to paragraphs 1-56 of Plaintiff's Complaint as if restated at length.

58. The averments contained within paragraph 58 of Plaintiff's Complaint are admitted.

59. The averments contained within paragraph 59 of Plaintiff's Complaint are admitted. In further response, Mr. Onorato was a witness in that proceeding and, therefore, chose to retain the services of outside counsel.

60. The averments contained within paragraph 60 of Plaintiff's Complaint are admitted in part and denied in part. Mr. Onorato admits that Ms. Conley withdrew her appeal. After reasonable investigation this defendant is without knowledge or information sufficient to form a conclusion as to the truth or falsity of the remaining allegations contained within paragraph 60. Therefore, the same are denied and strict proof thereof is demanded.

61. The averments contained within paragraph 61 of Plaintiff's Complaint are admitted in part and denied in part. Mr. Onorato admits that in the course of representing the County, MacDonald Illig Jones and Britton billed the County $56,000 for services rendered between September, 2004, and November, 2004. Mr. Onorato also admits that this billing information was the subject of an article published by the Erie Times News. After reasonable investigation, this defendant is without knowledge or information sufficient to form a conclusion

6

as to date of publication of this article. Therefore, the same is denied and strict proof thereof is demanded.

62. The averments contained within paragraph 62 of Plaintiff's Complaint are admitted.

63. The averments contained within paragraph 63 of Plaintiff's Complaint are admitted in part and denied in part. Mr. Onorato admits having stated to the Times News reporter that Ms. Conley had committed "an egregious breach of confidentiality" and that the large bill was justified "in defense of the children." The remaining allegations contained with paragraph 63 are denied and strict proof thereof is demanded.

64. The averments contained in paragraph 64 of Plaintiff's Complaint are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim against the Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Defendant's actions conformed to all applicable laws and regulations at all times relevant hereto.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred by the Statute of Limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's cause of action is barred by the doctrines of collateral estoppel and/or *res judicata*.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff was not deprived of any right secured by the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of this action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

This Defendant denies each and every other allegation, matter and averment made or contained within Plaintiff's Complaint not specifically and previously admitted herein.

## NINTH AFFIRMATIVE DEFENSE

This Defendant asserts all other defenses, immunities and limitations of damages available to him under the Political Subdivision Tort Claims Act of Pennsylvania and avers that Plaintiff's remedies, if any, are limited exclusively thereto.

## TENTH AFFIRMATIVE DEFENSE

This Defendant states that while it denies the allegations and averments made or contained in Plaintiff's Complaint, any and all acts or actions committed by its employees were discretionary in nature and taken in good faith.

### ELEVENTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to plead and assert additional Affirmative Defenses when facts supporting said Affirmative Defenses become known and available.

### TWELFTH AFFIRMATIVE DEFENSE

There has been insufficient service of process.

### THIRTEENTH AFFIRMATIVE DEFENSE

This Defendant asserts as a defense the protection of absolute privilege afforded to high public officials.

### FOURTEENTH AFFIRMATIVE DEFENSE

This Defendant asserts as a defense the protection of conditional privilege.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff qualifies as a public figure.

WHEREFORE, Defendant denies any and all liability and demands that judgment be entered in his favor with costs and attorney's fees.

Respectfully Submitted:

DELL MOSER LANE & LOUGHNEY, LLC

**JURY TRIAL DEMANDED**

Mark R. Lane, Esquire
Pa. I.D. No. 61923
Attorneys for Defendant, John A. Onorato, Esquire

525 William Penn Place, Suite 3700
Pittsburgh, PA  15219
(412) 471-1180

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **Defendant John A. Onorato's Second Amended Answer and Affirmative Defenses** has been served upon all counsel of record by U.S. Mail, postage prepaid, this 23rd day of August, 2005 as follows:

Anthony Angelone, Esquire
Vendetti & Vendetti
3820 Liberty Street
Erie, PA 16509
*Counsel for Plaintiff*

Timothy D. McNair, Esquire
Law office of Timothy D. McNair
821 State Street
Erie, PA 16501
*Counsel for Plaintiff*

Edmond R. Joyal, Esquire
Gigler & Joyal
612 Frick Building
437 Grant Street
Pittsburgh, PA 15219
Counsel for County of Erie, et al.

Mark R. Lane, Esquire
Attorney for Defendant,
John A. Onorato, Esquire