IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABBY B. CONLEY, | |
| Plaintiff | **JURY TRIAL DEMANDED** |
| v. | Civil Action No.: 05-CV-76 E |
| COUNTY OF ERIE, ERIE COUNTY OFFICE OF CHILDREN AND YOUTH, a/k/a ERIE COUNTY CHILD WELFARE SERVICE, RICHARD SCHENKER, individually and in his capacity as County Executive of Erie County, Pennsylvania, PETER CALLAN, individually and in his capacity as Erie County Director of Personnel, DEBRA LIEBEL, individually and in her capacity as Executive Director, Erie County Office of Children and Youth, a/k/a Erie Child Welfare Service and JOHN A. ONORATO, ESQUIRE, individually and in his capacity as Erie County Solicitor, | Judge Sean J. McLaughlin |
| Defendants | |

**DEFENDANT JOHN A. ONORATO'S MOTION TO
<u>COMPEL DISCOVERY RESPONSES</u>**

AND NOW comes Defendant, John A. Onorato, Esquire, individually and in his official capacity as Erie County Solicitor, by and through his attorneys, Dell, Moser, Lane and Loughney, LLC, and Mark R. Lane, Esquire, and respectfully requests that this Honorable Court issue an order compelling the Plaintiff to fully respond to Defendant's First Set of Interrogatories and Defendant's First Request for Production of Documents. Counsel for the Defendant has made an unsuccessful effort to resolve the issues addressed in this Motion with counsel for the Plaintiff.

1. Plaintiff's Complaint alleges violations of 42 U.S.C. §1983, conspiracy to violate 42 U.S.C. §1983, violation of the Whistle Blower Law at 43 Pa. C.S. §1421-1428, and wrongful discharge.

2. The Complaint further alleges claims against Mr. Onorato, in his individual capacity, for defamation and violation of 42. U.S.C. §1983.

3. On July 29, 2005, counsel for Defendant Onorato served a First Set of Interrogatories and Request for Production of Documents directed to the Plaintiff.

4. Federal Rules of Civil Procedure 33(b)(3) and 34(b) require a party to respond to interrogatories and requests for production of documents within thirty (30) days.

5. On September 8, 2005, the undersigned counsel sent a letter to Plaintiff's counsel requesting a response to the interrogatories and requests for production of documents.

6. On September 20, 2005, the undersigned counsel received Plaintiff's purported responses. A true and correct copy is attached hereto as Exhibit A.

7. Unfortunately, Plaintiff has failed to fully respond to Interrogatories 4, 5, 6, 7, 12, 13, 14, 15, and 16.

8. These Interrogatories and Plaintiff's Answers appear as follows:

    4. Please identify the name, address, and telephone number of each employer for whom you have worked since January 1, 1985. For each such employer, please state the dates you were employed, your rate of pay, your position and your job duties.

    **Plaintiff incorporates by reference her testimony from her deposition given on September 6, 2005, relating to prior employment.**

    5. For each place of employment identified in response to the previous Interrogatory, please state the name of your immediate supervisor and the reason your employment was either voluntarily or involuntarily terminated.

        **Plaintiff incorporates by reference her testimony from her deposition given on September 6, 2005, relating to prior employment.**

6. Please identify the name, address, and telephone number of each health care provider (including physicians, nurses, physical therapists, psychologists, psychiatrists, chiropractors, analysts, counselor or any other healer), from whom you have sought and/or obtained medical or psychological treatment since January 1, 1985.

    **Plaintiff objects to this Interrogatory on the grounds that is seeks privileged information; is likely to cause annoyance, embarrassment, oppression, undue burden, and expense upon the plaintiff; and that it seeks information not relevant to any claim of the plaintiff or any defense of the defendant. Without waiving or limiting the foregoing objection, plaintiff incorporates herein by reference her testimony given at her deposition on September 6, 2005.**

7. Have you ever been diagnosed with depression, schizophrenia, paranoia or addiction? If so, please state the name, address, and telephone number of the health care provider who made each diagnosis and the date each diagnosis was made.

    **Plaintiff objects to this Interrogatory on the grounds that is seeks privileged information; is likely to cause annoyance, embarrassment, oppression, undue burden, and expense upon the plaintiff; and that it seeks information not relevant to any claim of the plaintiff or any defense of the defendant. Without waiving or limiting the foregoing objection, plaintiff incorporates herein by reference her testimony given at her deposition on September 6, 2005.**

12. Please identify each and every date when you "attempted to report [the incident on or about June 9, 2004] to [Ms. Sue] Deveney pursuant to the established policy of the Agency, as alleged by you in paragraph 17 of your Complaint. For each such date provide all documents which reflect your efforts.

    **Plaintiff incorporates by reference her testimony from her deposition given on September 6, 2005, relating to prior employment.**

13. Please identify the name, address, telephone number and employer of each member or representative of the media, press, radio, television or

otherwise, with whom you have communicated and the dates of each communication with each such individual since January 1, 2003.

**Plaintiff objects to this Interrogatory as it does not relate to any claim of the plaintiff or defense of the defendant, and seeks information in violation of the statutory privilege set forth it [sic] 42 Pa.C.S. §5942. Further, this Interrogatory is calculated to cause annoyance, embarrassment, and oppression, further answering that Plaintiff does not recall each member of the media she may have contacted and the dates of each communication. Plaintiff incorporates by reference her testimony given at her deposition on September 6, 2005.**

14. Please identify the name and address of all internet services to which you have subscribed since January 1, 1995. For each such service, please identify the dates you used the service.

    **Plaintiff objects to this Interrogatory on the grounds that it is irrelevant to any matter raised in this litigation, over-broad, and is calculated to cause annoyance, embarrassment, oppression, and undue burden and expense. Further, the Interrogatory is calculated to facilitate the improper discovery of privileged information and work product.**

15. Please identify each E-mail account you have held since January 1, 1995, including the identity and address of each service provider and your E-mail address(es) with regard to each such account.

    **Plaintiff objects to this Interrogatory as irrelevant, over-broad, calculated to cause annoyance, embarrassment, oppression, and undue burden and expense. Further, this Interrogatory is calculated to facilitate the improper disclosure of privileged information and work product.**

16. Please state the dates you utilized each E-mail address and account identified in response to the preceding Interrogatory.

    **Plaintiff incorporates herein by reference her objection to Interrogatory No. 15.**

9. Likewise, Plaintiff has failed to fully respond to Requests for Production of Documents numbered 1, 5, 6, 8, 9, 10, 16 and 17. These requests and Plaintiff's Responses appear as follows:

1. A complete copy of all medical records, psychological records, chiropractic records and any other health related records from each and every health care provider identified by you in your Answers to Interrogatories and for all treatment which you have received since January 1, 1985.

    **Plaintiff objects to Request for Production No. 1 in that it seeks discovery of material that is irrelevant and privileged, and is over-broad, unduly burdensome and oppressive, and calculated to cause unreasonable expense. Further answering, plaintiff does not have medical records in her possession.**

5. Copies of all medical bills related to treatment received by the plaintiff for any health care condition, including psychological conditions, at any time since January 1, 1985.

    **Plaintiff objects to Request for Production No. 5 on the grounds that it seeks discovery of information not relevant to any matter raised in this suit; is over-broad, unduly burdensome and oppressive, and calculated to cause unreasonable expense. Further answering, plaintiff has no such documents in her possession. Without waiving the foregoing objection, plaintiff states that she has requested and will provide a copy of the bill for treatment by John Kalata, Jr., D.O. Said bill is not in plaintiff's possession at this time.**

6. Copies of the plaintiff's State and Federal Income Tax Returns including W-2 and/or W-4 Withholding forms and all Schedules and Exhibits filed with said Returns from January 1, 1985 to the present.

    **Plaintiff does not have full copies of her tax returns. All of Plaintiff's relevant earnings information is in the possession of defendant County of Erie. Such copies of W-2 forms as are in plaintiff's possession are attached.**

8. Please produce all personal home computers and hard drives which you have used since January 1, 1998, for inspection by experts who will be retained by the defendant to determine what E-mails were sent by you to employees of the defendant, members of the public, members of the media and press and when E-mails were erased by you, among other information.

    **Plaintiff objects to Request for Production No. 8 on the grounds that it seeks discovery of information not relevant to any matter raised in this suit; is over-broad, unduly burdensome and oppressive, and calculated to cause unreasonable expense. Plaintiff further objects on**

>   the grounds that this Request for Production seeks discovery of material protected by the attorney/client privilege, the work-product privilege, the clergy-communicant privilege, the physician-patient privilege, and is in violation of other privileges and immunities. Further, the Request seeks discovery of irrelevant information and will result in annoyance, embarrassment, oppression, and undue burden and expense. Further, compliance with this Request would result in the disclosure of information as to which non-parties hold a privilege.

9. Copies of all letters, notes or other documents pertaining to any contact by a party, their attorney, investigator or representative, with any witness or potential witness to the alleged incidents referenced in your complaint.

    **Plaintiff objects to Request for Production No. 9 on the grounds that it seeks discovery in violation of the work-product doctrine or privilege.**

10. Copies of all medical records and reports from each physician, health care practitioner and/or health care facility identified in your Answers to Interrogatories.

    **Plaintiff objects to Request for Production No. 10 as being over-broad, unduly burdensome, calculated to cause annoyance, embarrassment, oppression, undue expense, and seeks irrelevant information. Without waiving the foregoing objection, plaintiff does not have medical records in her possession at this time. Plaintiff will provide a copy of the office note of Dr. Kalata for plaintiff's visit subsequent to her termination when he treated her for medical conditions connected to the termination of her employment and the events giving rise to this lawsuit.**

16. Copies of any journals, logs and/or diaries (including electronic) which you have used, kept, maintained, made entries in and/or possessed since January 1, 1995.

    **Plaintiff objects to Request for Production No. 16 inasmuch as it seeks documents exempt from discovery pursuant to the work-product doctrine and the attorney/client privilege.**

17. Copies of any written, digital or print communications you have had with anyone regarding your employment for any of the Defendants and/or regarding any issues related to your employment and/or issues raised in your Complaint.

> **Plaintiff objects to Request for Production No. 17 as over-broad, seeking discovery of information exempt from disclosure pursuant to the attorney/client privilege, the work-product doctrine, and is over-broad. The issue in this case is the motive of the defendants in terminating plaintiff's employment on September 10, 2004. The requested material does not have a bearing on any issue properly pleaded in this case.**

10. By letter from undersigned counsel to Timothy D. McNair, Esquire, dated September 23, 2005, undersigned counsel attempted to obtain complete responses to the above numbered Interrogatories and Requests without Court intervention. A true and correct copy of the letter is attached hereto as Exhibit B.

11. On October 5, 2005, the undersigned received Plaintiff's further explanation for failing to fully respond to the above numbered Interrogatories and Requests. A true and correct copy of the letter is attached hereto as Exhibit C.

12. In lieu of providing full and complete responses, Plaintiff incorporates her deposition testimony.

13. Answers to Interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions, or other documents. *DiPietro v. Jefferson Bank, et.al.*, 144 F.R.D. 279 (E.D.Pa. 1992).

14. The requested information is discoverable and clearly relevant to the issues and defenses pleaded in this case.

15. The information sought from Plaintiff in the Interrogatories and Request for Production of Documents can be categorized as requests relating to employment history, medical history and communications between Plaintiff and third parties.

**Employment History**

16. Interrogatories numbered 1, 5, and 12 and Requests numbered 6, 8, and 16 relate to Plaintiff's past employment history and/or her employment with the Erie County Office of Children and Youth a/k/a Erie County Child Welfare Service.

17. Plaintiff has caused this suit to be filed based upon events relating to her employment. Plaintiff's employment history and specifics related thereto are undoubtedly relevant to the allegations raised in her Complaint and the defenses set forth by Defendant.

18. Plaintiff testified at her deposition that she engaged in the same or similar "whistle-blowing" activities while employed at Human Development of Erie. Specifically, Plaintiff indicated that she reported corruption and wrongdoing of Human Development of Erie to the authorities and subsequently left the position.

19. Plaintiff has had a number of different jobs from which she has separated for reasons unknown to this Defendant. However, Defendant expects to find a pattern of behavior which will reflect that the Plaintiff's supposed "reporting" of OCY was not in "good faith," as required to maintain an action under the Whistleblower Law.

20. Information relating to Plaintiff's employment history is also relevant to demonstrate whether the information provided by Plaintiff in her deposition was accurate and to determine Plaintiff's concept and/or definition of "wrongdoing" which she must prove to prevail in her claim under the Pennsylvania Whistle Blower Law.

21. A plaintiff's qualifications, work history and disciplinary record are relevant when a plaintiff brings an action alleging the wrongdoing of an employer. *See Logue v. Intern.*

*Rehabilitation Associates, Inc.*, 837 F.2d 150, 154 (3d Cir. 1988); *Riding v. Kaufmann's Department Store*, 220 F. Supp.2d 442, 454 (W.D. Pa. 2002).

22.     Additionally, Plaintiff's employment history is necessary to determine the legitimacy of Plaintiff's earning capacity and wage loss claims.

23.     Furthermore, Defendants may be permitted to utilize, pursuant to Federal Rules of Evidence 404 and/or 608, the requested information for the purpose of establishing whether Plaintiff has been terminated from other employment for dishonesty.

24.     Finally, Plaintiff's Complaint contains allegations of defamation. The information requested relating to her employment history may uncover evidence related to Plaintiff's prior reputation which is directly at issue.

**Medical History**

25.     Interrogatories numbered 6 and 7 and Requests numbered 1, 5, and 10 relate to Plaintiff's medical and psychological treatment and/or history.

26.     Plaintiff has alleged that she "suffered damages, including but not limited to, loss of pay and benefits, loss of reputation, public humiliation and embarrassment, mental anguish, inconvenience, other non-pecuniary losses."

27.     Information relating to Plaintiff's medical history is discoverable information and clearly relevant to the matters raised by Plaintiff's Complaint.

28.     Defendant believes Plaintiff has a history of mental and/or emotional issues, including depression, that may be the genesis of the "mental anguish" and "other non-pecuniary losses" that she contends were created by Defendant's actions.

29.	Further, Plaintiff's medical history will reveal information which directly impacts Plaintiff's defamation claim as it will reveal evidence to establish her prior reputation in the community.

**Communications with Third Parties**

30.	Interrogatories numbered 12, 13, 14, 15 and 16 and Requests numbered 8, 9, 16 and 17 relate to Plaintiff's communications with others regarding confidential matters of Erie County OCY or information regarding the method of communication.

31.	Defendant contends that Plaintiff breached confidentiality requirements of OCY and improperly used her employer's email system. The information requested relating to her home personal computer and hard drives is likely to lead to admissible evidence regarding Plaintiff's breach of confidentiality.

32.	Federal Rule of Civil Procedure 34(a) provides that a party may serve a request for "any designated documents" which include "other data compilations from which information can be obtained, translated, if necessary, by the respondent…"

33.	Litigants have a duty to preserve electronic data and information which may be relevant to the claims and defenses in an action. *See Zubulake v. UBS Warburg*, 220 F.R.D. 212 (S.D.N.Y. 2003).

34.	Plaintiff sent a series of emails to Deanna Cosby providing confidential information regarding detention letters that would be issued against an OCY client and encouraged her to notify the client and her attorney of the detention letters. True and correct copies of the emails are attached hereto as Exhibits D and E.

35. In a series of emails dated May 25, 2004, and attached hereto as Exhibit D, Plaintiff and Deanna Cosby discuss notifying Ed Paletalla of a recent death of a foster child which was to remain confidential. In response to Plaintiff's "double dog dare" to notify the news media, Deanna Cosby responds **"abby stop it you know i don't like ecocy an i would do ANYTHING to see it go down in flames!!!!!"** (Emphasis added.)

36. In a series of emails dated June 4, 2004, and attached as Exhibit E, Plaintiff provides specific information regarding the detention letters to Deanna Cosby, through the following sequence:

> **From Abby Conley**: I just spoke with Vickie last night, she was not in labor. Her attorney told Vickie that she has nothing to worry about when it comes to the unborn child. She told Vickie that we (OCY) cannot detain. Vickie is taking her attorney advice, she is due any day. Patti has detention letters at all the local hospitals. Vickie does not see this coming.
>
> **From Deanna Cosby**: <u>she will</u> (Emphasis added.)
>
> **From Abby Conley**: God Bless you Deanna!
>
> **From Deanna Cosby**: thanks, but for what
>
> **From Abby Conley**: You said (she will) VW

37. It is clear from the above referenced correspondence that Plaintiff and Ms. Cosby had a clear disdain for OCY. Plaintiff's disclosure of confidential information to Ms. Cosby, and subsequent encouragement on at least two occasions, is indicative of Plaintiff's efforts to undermine the efforts of OCY.

38.     Defendants believe that responses to the discovery requests relating to Plaintiff's home computer system will reveal evidence that Plaintiff was undermining the efforts of OCY, contradicting Plaintiff's assertion that Defendants misunderstood her intentions in the attached emails, and contradicting her contention that her alleged "reporting" was done in good faith.

39.     Defendants also believe that an inspection of Plaintiff's home computer system will reveal additional communications with Ms. Cosby, and potentially other third parties, providing further credence to Defendant's assertion that Plaintiff's actions were not motivated by good faith, but by her desire to also see OCY "go down in flames."

40.     Plaintiff indicated that she does not subscribe to a cellular telephone service and relies on this assertion for further refusing to identify a cellular telephone provider. To the contrary, Deanna Cosby testified that Plaintiff had utilized a cellular telephone. If such a subscription exists, or existed, Defendants believe that the phone records may provide further documentation of Plaintiff's breach of the OCY confidentiality requirements, by reflecting phone calls to Cosby, or possibly others with whom she shared confidential information.

**Relief Requested**

41.     Federal Rule of Civil Procedure 37(a)(4) permits the award of reasonable expenses incurred in preparing a motion to compel discovery responses, including attorney's fees. Defendant Onorato respectfully requests this Honorable Court to award $500 for the expenses and attorney's fees incurred to prepare this motion.

42. For the reasons stated herein, Defendant respectfully requests that the Court order Plaintiff to provide full and complete responses to the interrogatories and comply with the request for production of documents identified herein.

Respectfully Submitted:

DELL MOSER LANE & LOUGHNEY, LLC


/s/ Mark R. Lane, Esquire
Mark R. Lane, Esquire
Pa. I.D. No. 61923

**JURY TRIAL DEMANDED**  Attorneys for Defendant, John A. Onorato, Esquire
525 William Penn Place, Suite 3700
Pittsburgh, PA  15219
(412) 471-1180

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Defendant John Onorato's Motion to Compel Discovery Responses** has been served upon all counsel of record by U.S. Mail, postage prepaid, this **2nd** day of **December, 2005,** as follows:

Anthony Angelone, Esquire
Vendetti & Vendetti
3820 Liberty Street
Erie, PA 16509
*Counsel for Plaintiff*

Timothy D. McNair, Esquire
Law office of Timothy D. McNair
821 State Street
Erie, PA 16501
*Counsel for Plaintiff*

Edmond R. Joyal, Esquire
Gigler & Joyal
612 Frick Building
437 Grant Street
Pittsburgh, PA  15219
Counsel for County of Erie, et al.

/s/ Mark R. Lane, Esquire
Mark R. Lane, Esquire
Attorney for Defendant,
John A. Onorato, Esquire