1135

LAW OFFICES OF:

# Timothy D. McNair

ATTORNEY AND COUNSELOR AT LAW

SEP 21 2005

September 20, 2005

Mark R. Lane, Esquire
Dell, Moser, Lane & Loughney, LLC
525 William Penn Place
Suite 3700
Pittsburgh, PA 15219-1707

**Re:    Abby Conley v. County of Erie, et al.**

Dear Mr. Lane:

Enclosed please find plaintiff's response to Defendant's Interrogatories and Requests for Production of Documents, together with copies of the documents being produced. By copy of this letter, I am providing the same information to Mr. Joyal.

Please call me if you have any questions.

Very truly yours,

LAW OFFICES OF TIMOTHY D. McNAIR

By_____
Timothy D. McNair, Esquire

TDM/may
Enclosures

cc:    Abby B. Conley
       Anthony Angelone, Esquire



**EXHIBIT**

tabbies'

A

821 STATE STREET · ERIE, PENNSYLVANIA 16501-1316
TELEPHONE 814.452.0700 · FACSIMILE 814.454.2371 · TOLL FREE (800)453-0566
E-MAIL tmcnair@velocity.net · URL: http://www.mcnairlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVA**    SEP 2 1 2005

| | |
|---|---|
| ABBY B. CONLEY,<br><br>Plaintiff<br><br>v.<br><br>COUNTY OF ERIE, ERIE COUNTY OFFICE OF CHILDREN AND YOUTH, a/k/a ERIE COUNTY CHILD WELFARE SERVICE, RICHARD SCHENKER, individually and in his capacity as County Executive of Erie County, Pennsylvania, PETER CALLAN, individually and in his capacity as Erie County Director of Personnel, DEBRA LIEBEL, individually and in her capacity as Executive Director, Erie County Office of Children and Youth, a/k/a Erie Child Welfare Service and JOHN A. ONORATO, ESQUIRE, individually and in his capacity as Erie County Solicitor,<br><br>Defendants | **JURY TRIAL DEMANDED**<br><br>Civil Action No.: 05-76E<br><br>The Honorable Sean J. McLaughlin |

## ANSWERS, RESPONSES AND OBJECTIONS TO DEFENDANT JOHN A. ONORATO'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

### INTERROGATORIES

1)    Have you ever been convicted of a felony?

**ANSWER:**    **No.**

2)    Have you ever been charged with a felony, whether or not such charges resulted in a conviction?

**ANSWER:**    **Plaintiff does not believe she has been charged with a felony.**

3)    Have you ever been convicted of a misdemeanor?

**ANSWER:**    No.

4)    Please identify the name, address, and telephone number of each employer for whom you have worked since January 1, 1985. For each such employer, please state the dates you were employed, your rate of pay, your position and your job duties.

**ANSWER:    Plaintiff incorporates by reference her testimony from her deposition given on September 6, 2005, relating to prior employment.**

5)    For each place of employment identified in response to the previous Interrogatory, please state the name of your immediate supervisor and the reason your employment was either voluntarily or involuntarily terminated.

**ANSWER:    Plaintiff incorporates by reference her testimony from her deposition given on September 6, 2005, relating to prior employment.**

6)    Please identify the name, address, and telephone number of each health care provider (including physicians, nurses, physical therapists, psychologists, psychiatrists, chiropractors, analysts, counselor or any other healer), from whom you have sought and/or obtained medical or psychological treatment since January 1, 1985.

**ANSWER:    Plaintiff objects to this Interrogatory on the grounds that it seeks privileged information; is likely to cause annoyance, embarrassment, oppression, undue burden, and expense upon the plaintiff; and that it seeks information not relevant to any claim of the plaintiff or any defense of the defendant. Without waiving or limiting the foregoing objection, plaintiff incorporates herein by**

reference her testimony given at her deposition on September 6, 2005.

7)      Have you ever been diagnosed with depression, schizophrenia, paranoia or addiction? If so, please state the name, address, and telephone number of the health care provider who made each diagnosis and the date each diagnosis was made.

**ANSWER:**    **Plaintiff objects to this Interrogatory on the grounds that it seeks privileged information; is likely to cause annoyance, embarrassment, oppression, undue burden, and expense upon the plaintiff; and that it seeks information not relevant to any claim of the plaintiff or any defense of the defendant. Without waiving or limiting the foregoing objection, plaintiff incorporates herein by reference her testimony given at her deposition on September 6, 2005.**

8)      Have you ever been admitted into a drug or alcohol treatment program? If so, please identify the name of each facility where you were treated and the dates you were treated in each such location.

**ANSWER:**    **Plaintiff objects to this Interrogatory on the grounds that it seeks privileged information; is likely to cause annoyance, embarrassment, oppression, undue burden, and expense upon the plaintiff; and that it seeks information not relevant to any claim of the plaintiff or any defense of the defendant. Without waiving or limiting the foregoing objection, plaintiff incorporates herein by reference her testimony given at her deposition on September 6, 2005, further answering no.**

9)      Have you ever been a party to a lawsuit other than in the instant action? If so, please state:

        (a)      whether you were a plaintiff or defendant;

(b)    the name(s) and address(es) of all parties to the lawsuit, stating whether each such party was a plaintiff or defendant;

(c)    the court and docket number of each lawsuit;

(d)    the nature of all claims and defenses being made in the lawsuit;

(e)    whether the lawsuit resolved by settlement, verdict, award or is still pending;

(f)    the specific result, if the lawsuit has terminated.

**ANSWER:**    **No.**

10)    Please identify all mobile, cellular and/or digital telephone service providers to which you have subscribed since January 1, 2001. For each such service, please identify the dates you used the service and the telephone number(s) provided to you by each service.

**ANSWER:**    **Plaintiff objects to this Interrogatory since it seeks information not relevant to any matter at issue in this case. The issue in this case is whether or not plaintiff's termination was motivated by the lawful testimony she gave in court or her lawful report of the treatment of a child protected by the Agency by an employee of the Agency. None of plaintiff's allegations involve cell phone usage. Further answering, Plaintiff has not subscribed to a cell phone service.**

11)    In conjunction with Request for Production of Documents 3, please identify the corresponding name and address to every telephone number identified as either an incoming telephone call received by you or outgoing telephone call placed by you, on each telephone bill, statement and/or invoice since January 1, 2001.

**ANSWER:**    **Plaintiff incorporates herein by reference the objection set forth in response to Interrogatory No. 10.**

12)    Please identify each and every date when you "attempted to report [the incident on or about June 9, 2004] to [Ms. Sue] Deveney pursuant to the established policy of the Agency, as alleged by you in paragraph 17 of your Complaint. For each such date provide all documents which reflect your efforts.

**ANSWER:    Plaintiff incorporates herein by reference her testimony at her deposition given on September 6, 2005.**

13)    Please identify the name, address, telephone number and employer of each member or representative of the media, press, radio, television or otherwise, with whom you have communicated and the dates of each communication with each such individual since January 1, 2003.

**ANSWER:    Plaintiff objects to this Interrogatory as it does not relate to any claim of the plaintiff or defense of the defendant, and seeks information in violation of the statutory privilege set forth it 42 Pa.C.S. §5942. Further, this Interrogatory is calculated to cause annoyance, embarrassment, and oppression, further answering that Plaintiff does not recall each member of the media she may have contacted and the dates of each communication. Plaintiff incorporates by reference her testimony given at her deposition on September 6, 2005.**

14)    Please identify the name and address of all internet services to which you have subscribed since January 1, 1995. For each such service, please identify the dates you used the service.

**ANSWER:    Plaintiff objects to this Interrogatory on the grounds that it is irrelevant to any matter raised in this litigation, over-broad, and is calculated to cause annoyance, embarrassment, oppression, and undue burden and expense.**

**Further, this Interrogatory is calculated to facilitate the improper discovery of privileged information and work product.**

15)     Please identify each E-mail account you have held since January 1, 1995, including the identity and address of each service provider and your E-mail address(es) with regard to each such account.

**ANSWER:     Plaintiff objects to this Interrogatory as irrelevant, over-broad, calculated to cause annoyance, embarrassment, oppression, and undue burden and expense. Further, this Interrogatory is calculated to facilitate the improper disclosure of privileged information and work product.**

16)     Please state the dates you utilized each E-mail address and account identified in response to the preceding Interrogatory.

**ANSWER:     Plaintiff incorporates herein by reference her objection to Interrogatory No. 15.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1)      A complete copy of all medical records, psychological records, chiropractic records and any other health related records from each and every health care provider identified by you in your Answers to Interrogatories and for all treatment which you have received since January 1, 1985.

**RESPONSE: Plaintiff objects to Request for Production No. 1 in that it seeks discovery of material that is irrelevant and privileged, and is over-broad, unduly burdensome and oppressive, and calculated to cause unreasonable expense. Further answering, plaintiff does not have medical records in her possession.**

2)      Copies of all letters, notes, memoranda, or other documentation which you claim to have provided Ms. Sue Deveney, informing Ms. Deveney of your desire to report the alleged misconduct of Ms. Wozniak, or directly informing Ms. Deveney of Ms. Wozniak's misconduct.

**RESPONSE: None.**

3)      Copies of all bills, invoices, records or other documentation from each and every mobile telephone service provider identified by you in your Answers to Interrogatories and for all mobile phones calls you have either placed or received since January 1, 2001.

**RESPONSE: Plaintiff objects to Request for Production No. 3 on the grounds that it seeks information not relevant to any matter raised in this suit; is over-broad, unduly burdensome and oppressive, and calculated to cause unreasonable expense. Further answering, plaintiff has no such documents in her possession.**

4)      Any and all statements concerning this action or its subject matter made by any party or witness. For the purposes of this request, "statement" is a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical or other

recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement of the person making it and contemporaneously recorded.

**RESPONSE: Plaintiff is not in possession of any statements of the parties, except those contained in the public media, which are equally accessible to the defendants as to the plaintiff. Statements of non-party witnesses in plaintiff's possession are not discoverable from the plaintiff.**

5)      Copies of all medical bills related to treatment received by the plaintiff for any health care condition, including psychological conditions, at any time since January 1, 1985.

**RESPONSE: Plaintiff objects to Request for Production No. 5 on the grounds that it seeks discovery of information not relevant to any matter raised in this suit; is over-broad, unduly burdensome and oppressive, and calculated to cause unreasonable expense. Further answering, plaintiff has no such documents in her possession. Without waiving the foregoing objection, plaintiff states that she has requested and will provide a copy of the bill for treatment by John Kalata, Jr., D.O. Said bill is not in plaintiff's possession at this time.**

6)      Copies of the plaintiff's State and Federal Income Tax Returns including W-2 and/or W-4 Withholding forms and all Schedules and Exhibits filed with said Returns from January 1, 1985 to the present.

**RESPONSE: Plaintiff does not have full copies of her tax returns. All of Plaintiff's relevant earnings information is in the possession of defendant County of Erie. Such copies of W-2 forms as are in plaintiff's possession are attached.**

7)    Copies of the plaintiff's employment records of whatever nature, including, but not limited to, records of attendance, evaluations of performance, promotion and demotion records, all contracts of employment, employment medical records and reports, physicals, worker's compensation claim reports and records, and disability claim forms and records, maintained by any employer for whom you have worked or been associated with since January 1, 1985 until the present.

**RESPONSE:  Plaintiff is not in possession of any such records.**


8)    Please produce all personal home computers and hard drives which you have used since January 1, 1998, for inspection by experts who will be retained by the defendant to determine what E-mails were sent by you to employees of the defendant, members of the public, members of the media and press and when E-mails were erased by you, among other information.

**RESPONSE: Plaintiff objects to Request for Production No. 8 on the grounds that it seeks discovery of information not relevant to any matter raised in this suit; is over-broad, unduly burdensome and oppressive, and calculated to cause unreasonable expense.  Plaintiff further objects on the grounds that this Request for Production seeks discovery of material protected by the attorney/client privilege, the work-product privilege, the clergy-communicant privilege, the physician-patient privilege, and is in violation of other privileges and immunities. Further, this Request seeks discovery of irrelevant information and will result in annoyance, embarrassment, oppression, and undue burden and expense.  Further, compliance with this Request would result in the disclosure of information as to which non-parties hold a privilege.**

9)    Copies of all letters, notes or other documents pertaining to any contact by a party, their attorney, investigator or representative, with any witness or potential witness to the alleged incidents referenced in your complaint.

**RESPONSE: Plaintiff objects to Request for Production No. 9 on the grounds that it seeks discovery in violation of the work-product doctrine or privilege.**

10)    Copies of all medical records and reports from each physician, health care practitioner and/or health care facility identified in your Answers to Interrogatories.

**RESPONSE: Plaintiff objects to Request for Production No. 10 as being over-broad, unduly burdensome, calculated to cause annoyance, embarrassment, oppression, undue expense, and seeks irrelevant information. Without waiving the foregoing objection, plaintiff does not have medical records in her possession at this time. Plaintiff will provide a copy of the office note of Dr. Kalata for plaintiff's visit subsequent to her termination when he treated her for medical conditions connected to the termination of her employment and the events giving rise to this lawsuit.**

11)    Copies of all statements and reports which resulted from anyone investigating this incident.

**RESPONSE: Plaintiff objects to Request for Production No. 11 on the grounds that it seeks material which is not discoverable pursuant to the work-product doctrine.**

12)    Copies of all published or broadcast articles, discussions, conversations or statements which are alleged by you to be defamatory in nature.

**RESPONSE: Attached are copies of articles dated September 11, 2004, entitled "Whistleblower Ousted," and January 17, 2005, entitled "County's Legal Bills Mount."**

13)    Reports of any and all experts who may testify at trial on your behalf.

**RESPONSE: Plaintiff has not yet determined which experts, if any, will testify at the trial in her behalf. Disclosure of expert reports is, pursuant to local rule, deferred until the filing of Plaintiff's Pretrial Narrative Statement.**

14)    Copies of any and all exhibits intended to be offered into evidence in support of your asserted claims.

**RESPONSE: Plaintiff has not yet determine any and all exhibits she intends to offer into evidence in support of her asserted claims. Trial exhibits will be identified, pursuant to local rule, in connection with the filing of Plaintiff's Pretrial Narrative Statement.**

15)    Copies of any calendar, day planners and/or appointment books (electronic or otherwise) which you have used, kept, maintained, made entries in and/or possessed since January 1, 2001.

**RESPONSE: All responsive documents are in the possession of the defendant, County of Erie, except 2004, which is produced herewith, limited to September 10, 2004.**

16)    Copies of any journals, logs and/or diaries (including electronic) which you have used, kept, maintained, made entries in and/or possessed since January 1, 1995.

**RESPONSE: Plaintiff objects to Request for Production No. 16 inasmuch as it seeks**

    **documents exempt from discovery pursuant to the work-product doctrine and**

    **the attorney/client privilege.**

17)   Copies of any written, digital or print communications you have had with anyone regarding your employment for any of the Defendants and/or regarding any issues related to your employment and/or issues raised in your Complaint.

**RESPONSE: Plaintiff objects to Request for Production No. 17 as over-broad, seeking**

    **discovery of information exempt from disclosure pursuant to the attorney/client**

    **privilege, the work-product doctrine, and is over-broad. The issue in this case**

    **is the motive of the defendants in terminating plaintiff's employment on**

    **September 10, 2004. The requested material does not have a bearing on any**

    **issue properly pleaded in this case.**

    Respectfully submitted,

    LAW OFFICES OF TIMOTHY D. McNAIR

    By:_____

     Timothy D. McNair, Esquire
     Attorneys for Plaintiff
     821 State Street
     Erie, Pennsylvania 16501
     (814) 452-0700
     Supreme Court I.D. No. 34304

    VENDETTI & VENDETTI

    By_____

     Anthony Angelone, Esquire
     Attorney for Plaintiff
     3820 Liberty Street
     Erie, Pennsylvania 16509
     (814) 868-8541
     Supreme Court I.D. No. 56206

**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **Responses and Objections to Defendant John A. Onorato's First Set of Interrogatories and Request for Production of Documents Directed to the Plaintiff** has been served upon all counsel of record by U.S. Mail, postage prepaid, this 20th day of September, 2005 as follows:

Edmond R. Joyal, Jr., Esquire
Law Office of Joseph S. Weimer
975 Two Chatham Center
Pittsburgh, PA 15219

Mark R. Lane, Esquire
Dell, Moser, Lane & Loughney, LLC
525 William Penn Place, Suite 3700
Pittsburgh, PA 15219-1707

_____
Timothy D.  McNair, Esquire
Attorneys for Plaintiff

# DELL, MOSER, LANE & LOUGHNEY, LLC

ATTORNEYS AT LAW

525 WILLIAM PENN PLACE
SUITE 3700
PITTSBURGH, PENNSYLVANIA 15219-1707

TELEPHONE: 412-471-1180
FAX: 412-471-9012
www.dellmoser.com

SARA E. BAUGH
J. KAHLE BECKER
STANLEY T. BOOKER
JOHN BURGESS (PA OH)
RICHARD W. DELL, JR.
SEAN P. HANNON (PA OH)
MARK R. LANE (PA WV)
PATRICK J. LOUGHNEY (PA WV)
SCOTT A. MATTHEWS (PA WV)

DONALD J. MCCORMICK (PA WV OH)
PETER MOLINARO, JR.
GEORGE A. POWER
ROBERT S. RICHMAN
BRYAN J. SMITH (PA WV)
BRAD D. TRUST (PA WV)
DANIELLE M. VUGRINOVICH
ELEONORA M. ZYCH

September 23, 2005
File No. 9135

**VIA FACSIMILE**
**AND FIRST CLASS MAIL**
**(814) 454-2371**

Timothy D. McNair, Esquire
Law office of Timothy D. McNair
821 State Street
Erie, PA 16501

Re:     Abby B. Conley vs. County of Erie, Erie County Office of Children and Youth,
a/k/a Erie County Child Welfare Service, Richard Schenker, Peter Callan,
Debra Liebel, and John A. Onorato, Esquire
U.S. District Court for the Western District of Pennsylvania – Erie Division
Civil Action No.: 05-CV-76 E

Dear Mr. McNair:

I am in receipt of your letter dated September 20, 2005, enclosing Abby B. Conley's Answers, Responses and Objections to Defendant John A. Onorato's First Set of Interrogatories and Request for Production of Documents. Unfortunately, the Answers and Responses are wholly inadequate.

In response to Interrogatory Nos. 4, 5, 6, 7, and 13, Plaintiff incorporates by reference her testimony from her deposition given on September 6, 2005. However, incorporation of deposition testimony does not excuse Abby Conley from specifically answering each Interrogatory. With respect to these Interrogatories, and particularly with respect to the Plaintiff's health care providers and health care conditions, I believe that Abby Conley did not provide a complete accounting of the information requested in these Interrogatories. She is under a duty to respond to these Interrogatories, regardless of whether she touched upon the subjects in her deposition. Also, despite the fact that Abby Conley claims not to recall each member of the media she may have contacted and the dates of each communication, she is required to identify the name, address, telephone number and employer of each member or representative of the media she did contact, along with the dates of each communication.



EXHIBIT

B

Timothy D. McNair, Esquire
September 23, 2005
Page 2

With respect to Interrogatory No. 14, the Plaintiff has no grounds to object to identifying the internet services to which she has subsubscribed since January 1, 1995, along with the dates she used each service. Likewise, Plaintiff is required to identify each email account she has had since January 1, 1995, including the identity and address of each service provider and email addresses with regard to each such account. The objections to Interrogatory Nos. 14, 15, and 16 are frivolous.

With respect to the Request for Production of Documents, Plaintiff's objection to Request Nos. 1, 5, and 10 are also frivolous. The Plaintiff is required to produce her medical records, just as she is required to identify her health care providers in response to the Interrogatories. In her Complaint, Ms. Conley alleges that she *"has suffered damages, including but not limited to, loss of pay and benefits, loss of reputation, public humiliation and embarrassment, mental anguish, inconvenience, other non-pecuniary losses and has incurred liability for attorneys fees and costs."* Certainly, with the broad categories of damages being claimed, Ms. Conley's prior health history is absolutely relevant. Particularly with respect to her claims of loss of reputation, mental anguish, and *"other non-pecuniary losses"*, the medical records will provide evidence of and/or confirm Ms. Conley's prior and subsequent reputation, mental anguish, and physical and emotional anomalies. The bills related to such treatment as demanded in Request No. 5 will verify the dates of treatment and possibly the diagnoses attributed to Ms. Conley. It is also our contention that Abby Conley may have suffered from emotional and/or mental conditions over the past fifteen years which affect her credibility and reliability as a witness.

Your objection to Request No. 8 for the production of all personal home computers and hard drives, which Abby Conley has used since January 1, 1998, is meritless. In light of Abby Conley's significant breach of confidentiality by use of her employer's email system, inspection of her personal computer system to search for additional emails, which will support the Defendants' contentions that Abby Conley violated confidentiality and attempted to undermine her employer is certainly warranted. Your objections as to attorney/client privilege and work product privilege have no merit, unless you contend that Abby Conley was emailing her attorneys, in which case you are entitled to redact or remove that information, and provide a privilege log.

Likewise, your objection to Request No. 9 is meritless. Any letters, notes or other documents pertaining to any contact by Abby Conley or her investigators with any witnesses or potential witnesses are not privileged. In the event that Plaintiff's attorneys obtained statements from or contacted any witnesses or potential witnesses, then you are at least required to identify those documents related to witnesses whom you or Plaintiff's other attorneys have contacted, claiming privilege with respect to each such document, and allowing the Defendants to determine whether they should be entitled to review the statements under Federal Rule of Civil Procedure 26.

Timothy D. McNair, Esquire
September 23, 2005
Page 3

Your objection in response to Request No. 16 is equally without merit. Abby Conley's journals, logs and/or diaries are absolutely relevant. The work product doctrine and attorney/ client privilege do not apply to any such journals, logs, or diaries unless they contain specific information stating substantive communications between Abby Conley and her attorneys. In that event, the documents may be redacted to remove such information, and accompanied by a privileged log.

Finally, the objection to Request No. 17, is equally meritless. Copies of written, digital or print communications which Abby Conley has had with anyone regarding her employment are absolutely discoverable. I cannot begin to imagine how the requested material *"does not have a bearing on any issue properly pleaded in this case."* To the extent the attorney/client privilege applies to any such documentation, then redactions can be made and a privilege log prepared. However, a blanket objection to produce any such documents is improper. Furthermore, I cannot imagine how the work product doctrine could apply to such documentation. In the event you believe it applies, then you are required to prepare a privilege log with respect to the documents you are withholding.

I would appreciate your advising within the next two (2) business days, whether you intend to supplement your responses to properly provide the information requested. If I do not hear from you, I will have no choice but to file a Motion to Compel, which I had already begun, based upon the untimely service of your responses.

Thank you for your courtesy and cooperation regarding this matter.

Very truly yours,

Mark R. Lane

MRL/pls
Cc:    Edmond R. Joyal, Esquire
       Anthony Angelone, Esquire

Timothy D. McNair, Esquire
September 23, 2005
Page 4


bcc:    John Onorato, Esquire
        Peter Zangardi
        Tracking No.: XE11833
        Claimant:  Abby Conley
        Insured:  County of Erie
        Claim No.:  GP 9311884 09T028
        Date of Loss:  March 8, 2005

9135

OCT 0 5 2005

LAW OFFICES OF:

# Timothy D. McNair

ATTORNEY AND COUNSELOR AT LAW

October 4, 2005

Mark R. Lane, Esquire
Dell, Moser, Lane & Loughney, LLC
525 William Penn Place
Suite 3700
Pittsburgh, PA 15219-1707

**Re:    Abby Conley v. County of Erie, et al.**

Dear Mr. Lane:

Thank you for your letter of September 23, 2005. Let me address the issues raised in that letter seriatim.

First, with regard to incorporation of Ms. Conley's testimony from her deposition, I remain of the opinion that Ms. Conley recounted all of the information within the scope of discovery, particularly regarding her health care. She is not required, under the Federal Rules of Civil Procedure, to provide a narrative or information that is not relevant to the case. Ms. Conley's previous medical history is not relevant to any issue raised by the pleadings. With regard to damages, she testified that she was prescribed antidepressants as the result of her termination, but did not take them.

With regard to Interrogatory No. 14, please provide the legal authority upon which you base your assertions. Your client has no right to the information sought, nor does the information sought appear to be reasonably calculated to lead to the discovery of admissible evidence. Please bear in mind that the only matter at issue in this case is whether Ms. Conley's employment was terminated as the result of her truthful testimony in court or her well-founded complaint about the actions of her co-worker. The discovery sought is over broad and could result in the revelation of irrelevant personal information which is, frankly, none of your client's business.

Ms. Conley is not required to obtain medical records to satisfy your Request for Production of Documents. To the extent that she intends to introduce medical records or testimony at the trial of this case, those records will be provided if and when they are obtained. Ms. Conley has not yet determined what medical evidence would be relevant or offered at the trial. Ms. Conley's prior medical history has nothing to do with this case. Ms. Conley was not terminated as the result of any medical condition nor does any medical condition disable her from employment at this time. It is our strong belief that this information is sought in a calculated effort to intimidate, harass, embarrass, humiliate, and annoy the plaintiff further.

**EXHIBIT**

C

Mark R. Lane, Esquire
October 4, 2005

Page 2

Ms. Conley will not produce "all personal home computers and hard drives she has used since January 1, 1998." Your request is overbroad in that it seeks access to much personal information not relevant to any pleaded claim or defense. Ms. Conley was not terminated because of her personal home computer. Further, compliance could result in the revelation of irrelevant personal information, the disclosure of which could be humiliating, embarrassing, or damaging to Ms. Conley, and would necessarily result in the revelation of privileged information, including attorney-client communications and work product. Ms. Conley does not have the resources to identify and catalog all of the files on the hard drive, which undoubtedly number into the hundreds of thousands. She does not trust your client with her personal computer.

To the extent that you wish to "search for additional emails," such information is not relevant to the County's decision to terminate Ms. Conley's employment as of September 10, 2004. Ms. Conley was not terminated for "attempt[ing] to undermine her employer." The stated reason for termination was that she "breached confidentiality" by providing a telephone number to a former employee. although no evidence of that has yet been produced.

Request for Production No. 9 clearly seeks material protected by the work product doctrine. The Federal Rules of Civil Procedure do not call for production of statements, as the state rules do, and we are aware of no authority requiring the production of work product notes prepared to assist in the litigation, which is what the request calls for. Please refer to Rule 26(b)(3).

Request for Production No. 16 is overbroad. It seeks much material that is not relevant to any pleaded claim or defense. Compliance could result in the revelation of information is not only irrelevant to this case, but potentially damaging to Ms. Conley. This is not to say that Ms. Conley has any knowledge of any information that would be damaging. However, she is not able to control the dissemination of information by your clients, whom she does not trust. It is not our job to tailor your request to comply with the Rules.

Request for Production No. 17 over broad and its scope necessarily includes a substantial quantity of privileged information. While you "cannot begin to imagine how the requested material 'does not have a bearing on any issue properly pleaded in this case,'" I cannot begin to imagine how it does, and until you provide me with a reasonable basis to believe that this over broad and all-encompassing demand would lead to the

Mark R. Lane, Esquire
October 4, 2005

Page 3

discovery of relevant admissible evidence, we must maintain our position regarding this request.

Should you care to narrow and refine your interrogatories and requests, we will attempt to cooperate with you in concluding discovery in this case. We will not subject our client to unnecessary, unjustified invasion or humiliation.

Thank you.

Very truly yours,

LAW OFFICES OF TIMOTHY D. McNAIR

By _____
        Timothy D. McNair, Esquire

TDM/may

cc:    Abby B. Conley
        Anthony Angelone, Esquire
        Edmond R. Joyal, Esquire

**Matt Granger**

**From:**        Conley, Abby
**Sent:**        Monday, June 07, 2004 10:04 AM
**To:**          'Deanna Cosby'
**Subject:**     RE: did you call my cell last night

You said (she will)VW

-----Original Message-----
From: Deanna Cosby [mailto:COSBYDE@co.mecklenburg.nc.us]
Sent: Monday, June 07, 2004 9:57 AM
To: Conley, Abby
Subject: RE: did you call my cell last night


thanks, but for what

>>> "Conley, Abby" <aconley@eriecountydhs.org> 06/07/2004 8:55:21 AM
>>>
God Bless you Deanna!

We are in the paper again today, and in the letter to the Editor.

-----Original Message-----
From: Deanna Cosby [mailto:COSBYDE@co.mecklenburg.nc.us]
Sent: Friday, June 04, 2004 3:17 PM
To: Conley, Abby
Subject: RE: did you call my cell last night


she will

>>> "Conley, Abby" <aconley@eriecountydhs.org> 06/04/2004 2:29:53 PM
>>>
I just spoke to Vickie last night, she was not in labor. Her attorney
told Vickie that she has nothing to worry about when it comes
to the unborn child. She told Vickie that we (OCY) cannot detain.
Vickie is taking her attorney advice, she is due any day. Patti
has detention letters at all the local hospitals. Vickie does not see
this coming.

-----Original Message-----
From: Deanna Cosby [mailto:COSBYDE@co.mecklenburg.nc.us]
Sent: Friday, June 04, 2004 1:59 PM
To: Conley, Abby
Subject: RE: did you call my cell last night


there is a new kinship placement policy that was issued in 12/03 that
i
remember and might still have a copy of to foward it to the att.  it
states that the cw can do an "eyeball" check rather than the homestudy
rather than place the baby into foster care but i remember when i
tried
to do that and had the documentation to back it up sue wouldn't let me
so i'm going to tell vw's att about it.

>>> "Conley, Abby" <aconley@eriecountydhs.org> 06/04/2004 1:56:58 PM
>>>
Your in a better position then I!                    •

-----Original Message-----
From: Deanna Cosby [mailto:COSBYDE@co.mecklenburg.nc.us]

**EXHIBIT**

D



Deposition Exhibit
Conley 3
Debi LaGamba, RPR
Wordz R'Us

From:           Deanna Cosby [COSBYDE@co.mecklenburg.nc.us]
Sent:           Tuesday, May 25, 2004 2:26 PM
To:             Conley, Abby
Subject:        RE: Were in the paper again today.

abby stop it you know i don't like ecocy an i would do ANYTHING to see
it go down in flames!!!!!

>>> "Conley, Abby" <aconley@eriecountydhs.org> 05/25/2004 2:27:27 PM
>>>
you are not telling the truth

-----Original Message-----
From: Deanna Cosby [mailto:COSBYDE@co.mecklenburg.nc.us]
Sent: Tuesday, May 25, 2004 2:21 PM
To: Conley, Abby
Subject: RE: Were in the paper again today.

to late while you're emailing me back and forth the call was put into
his vm

>>> "Conley, Abby" <aconley@eriecountydhs.org> 05/25/2004 2:23:33 PM
>>>
okay, go ahead tell Ed everything! 870-1600 press zero for the
operator

-----Original Message-----
From: Deanna Cosby [mailto:COSBYDE@co.mecklenburg.nc.us]
Sent: Tuesday, May 25, 2004 2:16 PM
To: Conley, Abby
Subject: RE: Were in the paper again today.

yes I can we can dial directly out on our desk phones or c-phones

>>> "Conley, Abby" <aconley@eriecountydhs.org> 05/25/2004 2:18:59 PM
>>>
You can't call long distance at work!

-----Original Message-----
From: Deanna Cosby [mailto:COSBYDE@co.mecklenburg.nc.us]
Sent: Tuesday, May 25, 2004 2:12 PM
To: Conley, Abby
Subject: RE: Were in the paper again today.

ok its done

>>> "Conley, Abby" <aconley@eriecountydhs.org> 05/25/2004 2:14:54 PM
>>>
I double dog dare you. Ed Paletalla is the reporter that has run all
the stories.

-----Original Message-----
From: Deanna Cosby [mailto:COSBYDE@co.mecklenburg.nc.us]
Sent: Tuesday, May 25, 2004 2:05 PM
To: Conley, Abby
Subject: RE: Were in the paper again today.

i'm dead serious no pun intended

1

EXHIBIT

E

Deposition Exhibit
Conley 9
Debi LaGamba, RPR
Wordz R Us