| | |
|---|---|
| ABBY B. CONLEY, | CIVIL DIVISION |
| Plaintiff, | No.: 05-CV-76 E |
| -vs- | Judge Sean J. McLaughlin |
| COUNTY OF ERIE, ERIE COUNTY OFFICE OF CHILDREN AND YOUTH a/k/a ERIE COUNTY CHILD WELFARE SERVICE, RICHARD SCHENKER, individually and in his capacity as County Executive of Erie County, Pennsylvania, PETER CALLAN, individually and in his capacity as Erie County Director of Personnel, DEBRA LIEBEL, individually and in her capacity as Executive Director, Erie County Office of Children and Youth a/k/a Erie County Child Welfare Service, and JOHN A. ONORATO, ESQUIRE, individually and in his capacity as Erie County Solicitor, | |
| Defendants. | |

**DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

AND NOW, comes the Defendants, by and through their counsel, the Law Office of Joseph S. Weimer and Edmond R. Joyal, Jr., Esquire, and hereby submits the following Answers to Plaintiff's First Set of Interrogatories as follows:

1. Please identify each e-mail to or from plaintiff that was in the possession of Erie County and/or the Office of Children and Youth at the time of the meeting of September 10, 2004.

**ANSWER:**

Objection. This interrogatory is unduly burdensome in that it is not specific in time and includes thousands of e-mails contained on the hard drives of computers used by plaintiff during her employment with Erie county OCY. In addition, most e-mails contain information that is confidential in nature and protected from disclosure by state and federal law. The defendants object as well on the grounds that the interrogatory as written is not reasonably calculated to lead to the discovery of admissible evidence.

2. Please identify each e-mail to or from plaintiff which came into the possession of Erie County and/or the Office of Children and Youth subsequent to the meeting of September 10, 2004.

**ANSWER:**

Upon information and belief, none.

3. Please identify each letter to or from or between Robert Beer and Vickie Wilson that was in the possession of Erie County or the Office of Children and Youth at the time of the meeting of September 10, 2004.

**ANSWER:**

Objection on the grounds that this information is contained in case records and is protected by state and federal privacy statutes. Without waiving this objection upon information and belief, defendant County of Erie was not aware of any such letters prior to September 10, 2004.

4. Please identify each letter to or from or between Robert Beer and Vickie Wilson that came into the possession of Erie County or the Office of Children and Youth after the meeting of September 10, 2004.

**ANSWER:**

Objection on the grounds that this information is contained in case records and is protected by state and federal privacy statutes. Without waiving this objection all letters relevant to this action were identified and produced at the depositions of Abby Conley and Deanna Cosby.

5. Please identify each employee of the County of Erie or the Office of Children and Youth who was disciplined for a violation of the County E-mail policy between 2000 and the date of your answer, setting forth the name of the employee, the nature of the violation, and the discipline imposed.

**ANSWER:**

None. Abby Conley was disciplined for using the email system of Erie County to disclose confidential information concerning its clients to persons not entitled by law to receive such information.

6. Please identify each other document that was in the possession of and actually considered by Erie County and the Office of Children and Youth in connection with the meeting of September 10, 2004.

**ANSWER:**

Objection. This interrogatory is vague and indecipherable. Therefore, the defendant is unable to respond to it.

7. Please set forth the number of prenatal detention orders sought by the Erie County Office of Children and Youth between January 1, 2000 and the date of your answer to this Interrogatory, setting forth the number that were granted and the number that were denied.

**ANSWER:**

Objection. This interrogatory is not reasonable calculated to lead to the discovery of admissible evidence. Without waiving this objection, upon information and belief, 134 granted and none denied by the court.

8. Please identify each internal policy, rule, statute, regulation, or other policy governing the circumstances in which a prenatal detention order is sought.

**ANSWER:**

42 Pa. C. S. A. §§ 6325, 6325; 55 Pa. Code 3490.73. Also, see the attached administrative orders.

9. Please set forth the number of children whose parental rights were terminated and who were adopted with the participation of the Erie County Office of Children and Youth between January 1, 2000 and the date of your answer to this Interrogatory.

**ANSWER:**

    Objection, this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

10. Please identify each source of funding to the County Office of Children and Youth that is based on, tied to, or related to the number of adoptions or the change in the number of adoptions completed with the participation of the Erie County Office of Children and Youth.

**ANSWER:**

    Objection on the grounds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection the federal money is directed though Title IV E of department of human services statutes and the other money comes from state and county sources.

11. Please describe each instance in which you allege plaintiff improperly disclosed confidential information, specifically describing the information, identifying the person or entity to whom the information was disclosed, the statute, rule, regulation, policy, or other basis for your claim that the information was confidential, the date upon which each instance that you allege constitutes a breach of confidentiality occurred and the date upon which each instance was discovered.

**ANSWER:**

Upon information and belief plaintiff disclosed such information to Deanna Cosby, Vickie Wilson, E. Palatella and other unknown persons. The violations of policy and statutes were identified during plaintiff's deposition and the deposition of Deanna Cosby. The dates of the emails are exhibits to both depositions. In addition, plaintiff's counsel was provided all of this information during the proceedings before the state labor relations board. The date of discovery of this information is unknown to the defendant at this time.

LAW OFFICE OF JOSEPH S. WEIMER

_____
Edmond R. Joyal, Jr., Esquire
Law Office of Joseph S. Weimer
975 Two Chatham Center
Pittsburgh, PA 15219
(412) 338-3184
PA I.D. #65907
Attorney for Defendants
County of Erie, Erie County Office of
Children and Youth a/k/a Erie County Child
Welfare Service, Richard Schenker, Peter
Callan, and Debra Liebel

I hereby certify that a true and correct copy of the foregoing DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES has been served by First Class Mail, postage pre-paid, upon the following parties on this 21st day of November, 2005.

Anthony Angelone, Esquire
Vendetti & Vendetti
3820 Liberty Street
Erie, PA  16509
*(Counsel for Plaintiff)*

Timothy D. McNair, Esquire
Law Office of Timothy D. McNair
821 State Street
Erie, PA  16501
*(Counsel for Plaintiff)*

Mark R. Lane, Esquire
Dell, Moser, Lane & Loughney, LLC
525 William Penn Place, Suite 3700
Pittsburgh, PA  15219-1707
*(Counsel for Defendant, John A. Onorato, Esquire)*

LAW OFFICE OF JOSEPH S. WEIMER

_____
Edmond R. Joyal, Jr., Esquire
Attorney for Defendants
County of Erie, Erie County Office of
Children and Youth a/k/a Erie County Child
Welfare Service, Richard Schenker, Peter
Callan, and Debra Liebel