LAW OFFICES OF:

# Timothy D. McNair

ATTORNEY AND COUNSELOR AT LAW

November 28, 2005

Edmond R. Joyal, Jr., Esquire
Law Office of Joseph S. Weimer
975 Two Chatham Center
Pittsburgh, PA 15219

**Re:     Abby Conley v. County of Erie, et al.**

Dear Mr. Joyal:

This will acknowledge your partial responses to Ms. Conley's Interrogatories and Request For Production of Documents.  I write at this time in an attempt to avoid filing a Motion with the Court. We are requesting that you amend your Answers to Interrogatories and that you provide us with documents responsive to our requests.

With regard to Interrogatory #1, you have objected to providing the emails to or from Plaintiff that were in the possession of the Office of Children and Youth at the time of the meeting of September 10, 2004.  You answer with a brand new allegation that Ms. Conley had "thousands of emails" and that the emails contained "information that is confidential in nature and protected from disclosure by state and federal law."  In order to assist your understanding of this Interrogatory, it refers to emails that were in the possession of the Office of Children and Youth at the time of the meeting where Ms. Conley was terminated.

With regard to Interrogatory #2, we have substantial reason to doubt the accuracy of your answer.  Therefore, I would ask that you approach your clients and seek clarification, and in particular from the individual who will be verifying the Answers to the Interrogatories under penalty of perjury.

Interrogatory #4 asks you to identify each letter to or from or between Robert Beer and Vicki Wilson acquired by the Erie County Office of Children and Youth after Ms. Conley's termination.  You respond by making reference to Ms. Conley's deposition.  I'm asking that you identify these documents as requested in the instructions to the Interrogatories and that you provide copies of same since Ms. Conley does not have a copy of her deposition or the exhibits available to her at this time.

Page 2                        Edmond R. Joyal, Jr., Esquire                    November 28, 2005

You have objected to Interrogatory #6 claiming that it is "vague and indecipherable." Aside from the insulting and cavalier response, we have asked you to identify all documents in possession of the County that were considered in connection with the meeting of September 10, 2004. This Interrogatory is neither vague or indecipherable. Please provide us with a full, complete and accurate response.

Interrogatory #9 asks you to set forth the number of children whose parental rights were terminated and who were adopted with the participation of your client between January 1, 2000 and the date of the Answer to the Interrogatory. You have objected that the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. To the contrary, the evidence is admissible in that it reflects your client's motivation to behave as it did. Please respond to the Interrogatory.

Interrogatory #11 asks you to describe each instance in which you alleged the Plaintiff improperly disclosed confidential information and to provide specific information concerning each incident. Again, Ms. Conley does not have a copy of her deposition nor was her deposition intended to be an exposition of your client's case. We are clearly entitled to the information in the Interrogatory and I would ask that you answer it in full in order that Ms. Conley may prepare to defend these false accusations.

With regard to the Request for Production of Documents, we have asked you to produce each email to or from Plaintiff known to Erie County prior to the meeting of September 10, 2004. You have answered that this "includes thousands of emails." This is obviously not true. We are simply asking you to identify documents which were considered in the decision to terminate Ms. Conley's employment . It is important that we identify all of these documents.

Request for Production #2 asks you to produce emails which came into the possession of OCY after September 10th. We have reason to believe that the response is inaccurate. Please check with your client and, again, provide verification under penalty of perjury for the response.

Request #3 asks you to produce the email and warning referred to by you at the June 3, 2005 status conference in this case. That email may well have been produced at the deposition of the Plaintiff, but it was not identified as such by you. While the Plaintiff may have been questioned about this document, it is your client's position regarding evidence that is sought. Please respond to Request #3.

Request for Production #5 asks you to produce each document each contends, refers or relates to any instance of disclosure of confidential information by Plaintiff. You have made a vague response relating to "the depositions" and "prior litigation." Since it is this case and your client's position that we are concerned with, I am asking that you produce the specific documents since I am not in a position to judge what your client's position is with regard to any of the random pieces of paper produced at Ms. Conley's deposition. Further, you refused to provide us with copies of all of the exhibits at the deposition and we do not have a copy of the deposition. Therefore, I am requesting that you produce the documents.

Request for Production #6 requests you to produce the report of the findings of the investigation conducted concerning Patricia Wozniak. You have responded that the

Page 3                     Edmond R. Joyal, Jr., Esquire              November 28, 2005

information is "deemed confidential" and your refusing to provide it. Please be advised that we will enter into an appropriate Protective Order. Your appropriate response would have been rather than objecting to the document, to file a Motion for Protective Order. Since you decline to approach the Court, we will. Please advise to the terms of the Protective Order you would like to quote.

Request for Production #7 requests for your client to produce all documents relating to the investigation done in March, April or May of 2004 regarding the identity of the person alleged to have leaked information. You make specific reference to this investigation during the June 6, 2005 status conference. I take your response to be an admission that you falsely described the investigation to the Court. Please respond more fully to Request for Production #7 or I would request that you notify the Court of your inaccurate statement.

With regard to Request #8, we are requesting that you produce a complete and unredacted copy of Plaintiff's personnel file. You state that "these documents have been previously produced to Plaintiff's counsel." They have never been produced to me and I am requesting that they be produced, again, if necessary.

Request for Production #9 requests production of all notes, memoranda, emails and other documents which relate to communications among the parties and Plaintiff's supervisors during the nine months prior to Plaintiff's termination. Obviously, you have refused to identify these documents and you are making a blanket assertion that all of this information is confidential and privileged under "State and Federal Statutes," which you fail to identify. Please specifically identify the documents you are withholding and set forth the statute pursuant to which you claim are confidential. Please produce any other documents which do not fall within a specific statutory exemption.

Request for Production #10 requests production of personnel files for Richard Schenker, John Onorato, Peter Callan, Michael Cauley, Debra Liebel, Susan Deveney, Patricia Wozniak and Deanna Cosby. Instances of prior discipline and performance issues may well relate to these parties and witnesses motivations to testify as they have or will. We are happy to maintain these files in confidence. The purpose is not to harass and intimidate these individuals, but to gather information concerning their background and qualifications.

Request for Production #11 requests you to produce all versions of any emails from Plaintiff to Susan Deveney or from Susan Deveney to Plaintiff regarding any court summary prepared for the Schuster/Casella case. You are objecting that the request "seeks information protected from disclosure under State and Federal Statute" obviously the emails themselves are evidence in the case and there is no way to determine the manner in which the statutory exemptions apply. Please amend your response to Request for Production 11.

Request for Production #13 requests you to produce the appointment books maintained by Patricia Wozniak between January 1, 2004 and September 10, 2004. Since Ms. Conley was terminated, in part, because of her complaint that Ms. Wozniak was not performing her job, her appointment books are relevant and admissible evidence concerning that issue. The assertion that this is protected by statute is, on its face, somewhat silly and again, lacking any specific foundation. Please amend your response

Page 4                           Edmond R. Joyal, Jr., Esquire                   November 28, 2005

to Request for Production #13.

Request for Production #14 requested all documents reflecting earnings of the Plaintiff from her employment with Defendant. Please set forth the basis for your knowledge as to what the Plaintiff has in her possession. She may have had W2's in her possession at some point, but she does not now. It seems that your evasion in this regard is simply spiteful rather than serving any legitimate purpose of your client. Please produce the requested documents.

Request #15 requests you to produce all Court Orders entered in the Vicki Wilson case. Your objection is not well taken and you cite no State and Federal Statute or regulation prohibiting the disclosure of this information. To the extent that the information is protected from disclosure, please either file a Motion for Protective Order, provide me with a Proposed Protective Order or provide us with the response requested.

Request #16 relates to similar documents to request #15 and the same response to your objections obtains.

Request for Production #17 requested all documents relating the communications between your client and Cheryl Beers. Your objection is laughable. You do not identify any statute protecting any such correspondence. Further, the communication is highly relevant to Ms. Beers' credibility and your client's potential to influence her potential testimony.

Request #18 requests information concerning the cases in which Ms. Conley testified for which she was terminated. Communication among the persons involved is crucial in establishing your client's motive to terminate Ms. Conley as being based in retaliation for her truthful disclosures rather than any legitimate purpose.

We note that you have not provided a verification for either the Interrogatory responses or the Request for Production of Documents. Please provide us with verification of the truthfulness of the answers and accuracy of the responses under penalty of perjury at your earliest convenience.

Very truly yours,

LAW OFFICES OF TIMOTHY D. McNAIR


By: __s/ Timothy D. McNair_____
        Timothy D. McNair, Esquire


TDM/alm

Cc:    Abby Conley
       Anthony Angelone, Esquire
       Mark Lane, Esquire