**Subject:** RE: Conley v. County of Erie
**From:** "Joyal Jr,Edmond R" <EJOYAL@stpaultravelers.com>
**Date:** Mon, 5 Dec 2005 12:10:02 -0500
**To:** "Timothy D. McNair" <tmcnair@velocity.net>
**CC:** "Mark Lane" <mrl@dellmoser.com>, "Anthony Angelone" <aangelone@vendettilaw.com>, "Abby Conley" <abby@christian.net>

At this time, I believe that further discussion is futile.  If you wish to go forward with a complex and lengthy motion I suggest that you do so and it can be argued at the time that Mr. Lane's motion to compel as to you is argued in January.

-----Original Message-----
From: Timothy D. McNair [mailto:tmcnair@velocity.net]
Sent: Monday, December 05, 2005 12:02 PM
To: Joyal Jr,Edmond R
Cc: Mark Lane; Anthony Angelone; Abby Conley
Subject: Re: Conley v. County of Erie

My prior response was premature.  I maintain that the rules require you to provide the documents at my office for copying.  The problem is that you have refused to identify any documents, so that even if I do have them I can't tell what they are or how they fit into your client's defense case.  It is apparent that you have not made any effort to determine what documents are responsive to my request, and are making a blanket assertion of statutory privilege with no basis, which may be grounds for sanctions.

The requested emails among Wozniak, Deveny, Onorato, Liebel, Callan, Cauley and Schenker relate to the decision making process that led to Ms. Conley's termination and as such are clearly both relevant and admissible.  I don't see how those emails fall into any statutory privilege, and no basis for such a conclusion is apparent.  No statute is even cited that would apply to the emails.

   With regard to the personnel files, they are clearly not privileged.

I have heard that both Deveny and Wozniak were recently suspended for misconduct.  The personnel files would lead to the discovery of relevant

and admissible evidence corroborating Ms. Conley's case.  Likewise, production of Wozniak's calendar would also lead to evidence corroborating Ms. Conley's case.  With regard to the personnel files, we

would agree to maintain them as confidential without further Order of Court of agreement, and to return or destroy all copies at the conclusion of the case.  The burden is on your client to propose a protective order since no privilege is involved.  Please bear in mind that we are in federal court and governed by federal rules.

Given your delayed responses and less than cooperative approach, I can only conclude that you have no interest in  a good faith effort to resolve this matter without imposing upon the judge a lengthy and complex motion.

Timothy D. McNair

Timothy D. McNair
tmcnair@velocity.net
www.mcnairlaw.com
821 State Street
Erie, Pennsylvania  16501-1316
telephone:    (814)452-0700
facsimile:    (814)454-2371

"Nobody has a more sacred obligation to obey the law than those who make the law."
        -- Sophocles


Joyal Jr,Edmond R wrote:

At this time it seems to me that what you are asking for is for me to pay to copy exhibits that you could have had if you had purchased the transcript.

In addition, Anthony and I spoke of this and he was going to go through the documents that he received from Taft during the grievance/labor board hearings and determine what he had that is responsive.  If you agree to pay the copying costs we will copy the documents and have you invoiced directly.

The objections concerning the emails from Deveney, the letters and any other information that concerns open or closed OCY cases cannot be provided because of all of the confidentiality laws, regulations, etc. that have been cited during your client's and Ms. Cosby's deposition.  I

see no way around that and I cannot enter into a protective order because your client has shown no past inclination to maintain confidentiality of such records.  If you want to draft a protective order for signature by the court, please do so and we can present it to the judge.  Any such order must have appropriate sanctions against anyone who violates it.

Other than that, I cannot comment because I believe that all of our objections are well taken and I suggest that you provide me with case law, etc. that you will rely on to show that our objections are not well

taken.

-----Original Message-----
From: Timothy D. McNair [mailto:tmcnair@velocity.net]
Sent: Monday, December 05, 2005 10:32 AM
To: Joyal Jr,Edmond R
Cc: Mark Lane; Anthony Angelone; Abby Conley
Subject: Conley v. County of Erie

Mr. Joyal:

I have not heard from you in response to my letter of November  28.  If

I do not hear from you today, I will have no choice but to assume that you do not wish to attempt to resolve our differences, and will proceed

with a motion to compel.

Thank you.

Timothy D. McNair


======================================================================
This communication, together with any attachments hereto or links contained herein, is for the sole use of the intended recipient(s) and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication

is STRICTLY PROHIBITED.  If you have received this communication in error, please notify
the sender immediately by return e-mail message and delete the original and all copies of
the communication, along with any attachments hereto or links herein, from your system.

=======================================================================
The St. Paul Travelers e-mail system made this annotation on 12/05/05, 12:10:06.