IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| ABBY B. CONLEY, | : | **JURY TRIAL DEMANDED** |
|     Plaintiff | : | |
| | : | |
|     VS. | : | |
| | : | |
| COUNTY OF ERIE, ERIE COUNTY | : | |
| OFFICE OF CHILDREN AND YOUTH, | : | |
| a/k/a ERIE COUNTY CHILD WELFARE | : | |
| SERVICE, RICHARD SCHENKER, | : | |
| individually and in his capacity as County | : | |
| Executive of Erie County, Pennsylvania, | : | |
| PETER CALLAN, individually and in his | : | |
| capacity as Erie County Director of Personnel, | : | |
| DEBRA LIEBEL, individually and in her | : | |
| capacity as Executive Director, Erie County | : | |
| Office of Children and Youth, a/k/a Erie | : | |
| County Child Welfare Service and JOHN A. | : | CIVIL ACTION NO.  05-76E |
| ONORATO, ESQUIRE, individually and in | : | |
| his capacity as Erie County Solicitor | : | |
|     Defendants | : | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT COUNTY OF ERIE TO RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS**

NOW COMES the Plaintiff, Abby B. Conley, by her attorneys, Timothy D. McNair, Esquire, and Anthony Angelone, Esquire, and, pursuant to F.R.Civ.P. 37(a) moves for an order compelling discovery, and for sanctions, respectfully representing:

**I. BACKGROUND OF PLAINTIFF'S DISCOVERY REQUESTS AND DEFENDANT COUNTY OF ERIE'S RESPONSE THERETO**

1. On September 26, 2005, Plaintiff served Interrogatories and a Request for Production of Documents upon the Defendant, County of Erie. A copy of the Certificates

of Service are attached hereto as Exhibit "A."

2.      As of November 1, 2005, more than thirty (30) days after service, Plaintiff had not received any response to the Interrogatories or the Request for Production and therefore requested the responses via an email dated 11-01-2005, a copy of which is attached hereto as Exhibit "B."

3.      Counsel spoke on the telephone shortly after that, and counsel for the County indicated that responses were forthcoming.  Plaintiff received no further response to the November 1, 2005 email and sent another email on November 16, 2005 at 8:59 a.m.  A copy of that email is attached as Exhibit "C."  In response, Plaintiff received an automated reply indicating that counsel for Defendant County of Erie, Edmond R. Joyal, Jr., was out of his office and would "respond to [the] message when I return."  In light of that, counsel for Plaintiff requested the responses by the close of business on Monday, November 21.  On November 21, 2005, counsel for Defendant indicated that they would "get you what we have this afternoon" and further indicated that "included would be a copy of information received today from the DSS of Mecklenburg County, NC."  A copy of counsel's message is attached as Exhibit "D."

4.      Contrary to defense counsel's representations, the partial responses were not received until November 23, 2005 and no documents from the DSS of Mecklenburg County were provided.  In fact, Defendant County of Erie *did not produce a single document* in response to Plaintiff's Request for Production of Documents.  Defendant County of Erie objected to each and every request.  A true copy of Defendant's Response to Plaintiff's

Request for Production of Documents is attached as Exhibit "E."

5. Of the eleven interrogatories, Defendant County of Erie objected to seven. Further, Defendant's response to interrogatory eleven was incomplete, as set forth *infra*. A true copy of Defendant County of Erie's responses to Plaintiff's Interrogatories is attached as Exhibit "F."

6. After reviewing the responses, counsel for Plaintiff, on November 28, 2005 forwarded a letter to Attorney Joyal outlining the Plaintiff's disagreement with the County of Erie's responses and requesting further responses and amendment to the responses. A copy of counsel's November 28, 2005 letter is attached as Exhibit "G."

7. As of December 5, 2005, counsel for Plaintiff had received no response from Attorney Joyal to his letter of November 28th. Counsel for Plaintiff emailed Attorney Joyal on December 5th requesting responses. In response, Attorney Joyal responded complaining that he felt that Plaintiffs were asking the County to pay to copy exhibits that Plaintiff could have had had she purchased the transcript. Although this was not true, it is the only justification offered by Attorney Joyal for refusing to provide documents. Attorney Joyal also referred to "all of the confidentiality laws, regulations, etc. that had been cited..." as a justification for refusing to provide emails. This response is without merit as shall be seen *infra*. In response to Attorney Joyal's complaint about copying expense, counsel for Plaintiff offered the option pursuant to F.R.Civ. P. 34, to produce the documents at counsel's office to be copied at counsel's expense. No response was received to this offer. A copy of the various emails of December 5th is attached as Exhibit "H." Counsel for

Plaintiff followed up with another email attempting to clarify the requests. Counsel's email of December 5, 2005 at 12:01 p.m. with defense counsel's response of 12:10 PM is attached as Exhibit "I."

8.  At 12:10 p.m. on December 5th, nine minutes after Plaintiff's counsel's email, Attorney Joyal responded that "further discussion is futile. If you wish to go forward with a complex and lengthy motion I suggest that you do so and it can be argued at the time Mr. Lane's Motion to Compel as to you [sic] is argued in January." See Exhibit "I."

9.  Subsequently, in order to prepare the Motion with a minimum of inconvenience to counsel and the Court, and to minimize the burden on the electronic case filing system, Plaintiff requested Attorney Joyal to provide his responses to the Interrogatories and Requests for Production in electronic format, which request was refused, requiring counsel to scan the documents in question.

## II. CERTIFICATION PURSUANT TO F.R.CIV. P. 37(a)(2)(B)

10.  Counsel for Plaintiff hereby certifies, as set forth above, he has conferred with and made a good faith effort to resolve this dispute prior to seeking court intervention.

## III. MOTION TO COMPEL RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

11.  Request for Production number three (3) requested Defendant to produce the email and warning referred to by Attorney Joyal at the June 3, 2005 status conference in this case. No such email had been identified by Defendant County of Erie although Attorney Joyal made reference to it at page 7, lines 3-8 of the transcript of the June 3, 2005 status

conference.  This imprecation was set forth in Plaintiff's counsel's November 28, 2005 letter to Attorney Joyal.  No further response has been received.

12.	Request for Production number five (5) requested Defendant to produce each document it contends refers or relates to any instance of disclosure of confidential information by the Plaintiff.  The Defendant vaguely responded by making reference to "the depositions" and "prior litigation."  Since no depositions of the Defendant's employees have yet been taken (due to the unavailability of the written discovery necessary to prepare for such depositions), Plaintiff responded that she was interested in the *documents* the County *contended* referred or related to any instance of disclosure of confidential information by the Plaintiff.[1]   In light of the Defendant's assertion that Ms. Conley made multiple improper disclosures of "confidential information," Plaintiff needs these documents to be identified so that she can prepare to meet these allegations at trial.  The refusal of the Defendant to identify those documents is not in good faith and is calculated to delay and multiply the expense and burden of these proceedings.

13.	Plaintiff's Request for Production number six (6) requested that Defendant produce the report of the findings of the investigation conducted concerning Patricia Wozniak.[2]  Defendant refused to provide that report, claiming that it was confidential.

---

[1] Defendant contends that the Plaintiff disclosed a confidential court order, however, the Plaintiff had not seen or been advised that any such confidential order was entered.

[2] Plaintiff has alleged that one of the reasons she was terminated was that she complained that Ms. Wozniak improperly shook a child subject to the protection of the agency during transport to a supervised visitation.

5

Plaintiff, in counsel's letter of November 28 (Exhibit "G") has offered to enter into an appropriate protective order to the effect that she will not, without further order of court, disclose the contents of the report. Defendant has refused to accede to this request, or to provide suggested terms for such an order.

14. Request for Production number eight (8) requested Defendant to produce a complete and unredacted copy of Plaintiff's personnel file. Defendant stated that "these documents have been previously produced to Plaintiff's counsel." This is incorrect. Counsel for Plaintiff did not receive those. They may have been provided to co-counsel Anthony Angelone in conjunction with a civil service proceeding that was withdrawn, but it has not been certified in this action that it is a complete copy of the file.

15. Plaintiff's Request for Production number nine (9) requested Defendant County of Erie to produce all notes, memoranda, emails and other documents which relate to communications to and among Debra Liebel, Michael Cauley, Susan Deveney, Patricia Wozniak, John Onorato, Richard Schenker, and/or Peter Callan, regarding the Plaintiff, any case in which the Plaintiff was involved or in the investigation of the Plaintiff between January 1, 2004 and September 10, 2004. The Defendant responded with a blanket assertion that all of this information is confidential and privileged under "state and federal statutes," which are not identified. Plaintiff is aware of no state or federal statute which makes internal communications concerning an employee the subject of any legal privilege. Plaintiff submits that the Defendant's assertion of privilege and confidentiality is overbroad, that there is no statute that covers each and every one of the documents

requested. These documents are crucial to the Plaintiff's discovery efforts in this matter. Plaintiff contends that she was targeted and investigated as the result of her truthful testimony at a court hearing and her good faith complaint concerning the mistreatment of a child subject to OCY protection by a case worker. Plaintiff submits that the emails will prove that no investigation of the Plaintiff was undertaken prior to her testimony or complaint, and that the emails will demonstrate that the only reason that Plaintiff's alleged communications were investigated at all was to provide a pretext for terminating her employment as a result of her truthful testimony and good faith complaint. Plaintiff believes that her termination was discussed by and between Onorato, Callan, Schenker and Liebel prior to the decision to hire Matt Granger to search through Plaintiff's emails. This is particularly likely in light of the fact that the Plaintiff is the only person who has been investigated or disciplined for a violation of the County's email policy in at least five years (Response to Interrogatory #5). Further, it is anticipated that discovery of these internal communications will lead to the discovery of documents and records which support Plaintiff's claim that the real reason she was terminated was her truthful testimony and good faith complaint rather than any alleged violation of the email policy. To the extent that the emails contain protected information, Plaintiff would stipulate that they would be covered by the protective order referred to above and they would not be disclosed further without order of court. However, emails which are not subject to such statutory privilege should not be subject to any such protective order and the burden should be on the Defendant to demonstrate the applicability of a particular statute to each particular

document. Here, Defendant has failed to identify any document or identify any statute which makes each document confidential. The blanket assertion that is raised by the Defendant is improper and is clearly calculated to delay these proceedings, impede Plaintiff's preparation, multiply the cost and expense and is not made in good faith.

16.    Plaintiff's Request for Production number ten (10) requested production of the personnel files for Richard Schenker, John Onorato, Peter Callan, Michael Cauley, Susan Deveney, Patricia Wozniak, and Deanna Cosby. Again, Plaintiff offered to maintain those files in confidence and would agree that they not be disclosed without further order of court. This request is reasonably calculated to lead to the discovery of admissible evidence in that it will provide the history of prior discipline and performance evaluation for these individuals. Performance evaluations and discipline is expected to cast light on the credibility and motives of the various employees to testify as they have. Further, with regard to Deanna Cosby, counsel for Defendant has intimated that Ms. Cosby was on the verge of being terminated at the time she resigned to move to Mecklenburg County, North Carolina. Plaintiff believes that disclosure of Ms. Cosby's personnel file will reveal that assertion to be without merit.

17.    Plaintiff's Request for Production number eleven requested Defendant to produce all versions of any emails from Plaintiff to Susan Deveney or from Susan Deveney to Plaintiff regarding any court summary prepared for the Schuster/Casella case. This was the case in which the Plaintiff gave truthful testimony and the case in which Plaintiff's court summary had been altered, without her knowledge, by Susan Deveney. These emails

constitute evidence in the case and will demonstrate and clarify the sequence of events leading to the alteration of court summary and Plaintiff's participation in the hearing pursuant to subpoena.[3] Plaintiff claims that she was, for the first time, requested to submit her court summary as a Word Document rather than as an email. Plaintiff intends to demonstrate that this was the first and only instance that she is aware of that one of her court summaries was altered. In this case, the alteration of the court summary was substantial and actually changed the import of the court summary from one that was supportive of the mother's efforts at parenting to one which was negative of the mother's efforts at parenting. To the extent that these emails contain confidential information protected by statute, Plaintiff would agree not to disclose any such information and redact it from any filing of any such document with the court. Again, however, portions of the documents which are not subject to a statutory protection would not be subject to the protective order.

18.   Request for Production number thirteen (13) requested production of any appointment book maintained by Patricia Wozniak between January 1, 2004 and September 10, 2004 or any similar document which reflects the activities of Patricia Wozniak between those dates. The Defendant objected that "this request was not reasonably calculated to lead to the discovery of admissible evidence and seeks information concerning clients that is protected by state and federal statute and regulation." It should be noted that the

---

[3] Defendant has asserted that Plaintiff improperly disclosed to counsel for one of the parents a copy of the original court summary. This is not true and there is no evidence to support this assertion.

Defendant does not identify any state or federal statute or regulation governing the confidentiality of appointment books. Plaintiff, as noted several times previously, would agree to a protective order redacting any such information from the document. The appointment book of Patricia Wozniak is reasonably calculated to lead to the discovery of admissible evidence and is evidence in itself in this case. Plaintiff claims that Patricia Wozniak was absent from work and failed to comply with the court order with the Casella Case. Ms. Wozniak had been ordered by Judge Elizabeth Kelly, now President Judge of the Erie County Court of Common Pleas, to increase her supervision of that case, which Ms. Wozniak took over from Ms. Cosby, identified above. Plaintiff submits that the appointment book will show a distinct lack of activity in general and, in particular, a failure of Ms. Wozniak to comply with the Judge's court order. This is relevant to Plaintiff's claim since Plaintiff was terminated for making a complaint against Ms. Wozniak and the fact that Ms. Wozniak was not performing her duties is a relevant consideration in determining her credibility.

19.  Request for Production number fourteen requests the Defendant to produce documents reflecting Plaintiff's earnings with Defendant from the date her employment commenced through the date it was terminated. Defendant responded "Plaintiff has these documents in her possession and control through her W-2 statements." How Defendant knows that Plaintiff held onto her W-2 statements when Plaintiff did not is beyond comprehension. The information is easily provided from records centrally maintained by the Defendant and is relevant to the Plaintiff's claim that she has lost income as the result

of her retaliatory discharge. Further, the production of this evidence by the Defendant will eliminate any argument that the Plaintiff has "cooked" the evidence in her favor or that any evidence that the Plaintiff were to produce would be inaccurate. The denial of this extremely reasonable request is not in good faith, it is calculated to prolong and complicate these proceedings and multiply the cost thereof, and is intended to increase the burden of this litigation on the Plaintiff.

20.  Request for Production of documents number fifteen (15) requests Defendant to produce all court orders entered in the Vicki Wilson case. Defendant responded that the request was not reasonably calculated to lead to the discovery of admissible evidence and seeks information concerning clients that is protected by state and federal statute and regulation, without identifying any document, federal or state statute or federal or state regulation. Again, as set forth in counsel's letter of November 28th, Plaintiff agreed to enter into a protective order in order to obviate the issue of statutory protection. However, no basis for any such statutory protection has been offered by the Defendant. The production of these documents is reasonably calculated to lead to the discovery of admissible evidence in that said orders will show the manner in which the Office of Children and Youth handled this case and will include the order, which Plaintiff has never seen, that she is accused of improper disclosing and will demonstrate that Plaintiff's complaints concerning these cases were made in good faith.

21.  Request for Production of documents number sixteen (16) requests Defendant to produce all court orders entered in the Schuster case. Defendant responded that the

request was not reasonably calculated to lead to the discovery of admissible evidence and seeks information concerning clients that is protected by state and federal statute and regulation, without identifying any document, federal or state statute or federal or state regulation. Again, as set forth in counsel's letter of November 28th, Plaintiff agreed to enter into a protective order in order to obviate the issue of statutory protection. However, no basis for any such statutory protection has been offered by the Defendant. The production of these documents is reasonably calculated to lead to the discovery of admissible evidence in that said orders will show the manner in which the Office of Children and Youth handled these cases and will demonstrate that Plaintiff's complaints concerning these cases were made in good faith.

22.    Request for Production number seventeen (17) requested Defendant to produce all documents which refer, relate to or comprise any communications between and among Erie County Office of Children and Youth and Cheryl Beers. The Defendant again objected, stating that the "request is not reasonably calculated to lead to the discovery of admissible evidence and will reveal information concerning client that is protected by state and federal statutes." Again, the Defendant has failed to identify any statute or regulation governing these communications. At Plaintiff's deposition, Defendant produced a number of documents purporting to be communications between Cheryl Beers and her paramour who was the father of a child subject to agency protection. Defendant claimed that they were produced pursuant to a valid authorization by Ms. Beers. The point of the Request for Production is to determine the manner in which the Defendant came into possession

of these documents and when.  It is believed that these documents were not discovered until well after Plaintiff's termination and therefore could not have formed the basis for her termination.  The documents have serious authenticity and accuracy issues as well.  Communication concerning these documents is relevant to a determination of their authenticity and relevance.

23. Plaintiff's Request for Production number eighteen requests the Defendant to produce all documents, including emails, which refer or relate to or comprise any communications between Michael Cauley, Susan Deveney and Patricia Wozniak concerning the Schuster/Casella Case or the Vicki Wilson case from June 1, 2004 through September 10, 2004.  The Defendant has again responded with its boiler plate objection, again without identifying any document or statute or regulation making any such document confidential.  However, to the extent that such documents are confidential, Plaintiff reiterates her offer in her counsel's November 28th letter to maintain these documents in confidence. Defendant has refused to cooperate in the drafting of a proposed protective order and has, instead, demanded that the burden be placed on this court.  Defendant's refusal in this regard is not in good faith, is calculated to prolong these proceedings, increase the burden thereof of Plaintiff and multiply the expense of these proceedings.

24. All of the Defendant's objections to Plaintiff's Request for Production of Documents can be solved through the entry of an appropriate protective order.  The Defendant has not identified any documents or set forth any basis upon which any state

or federal statute or regulation would render them confidential and not subject to disclosure in these proceedings. It should be noted that Defendant refused to produce even one piece of paper in connection with its response to Plaintiff's Request for Production despite stating that it had "file drawers full of documents" at the status conference in this matter.  It is clear that the Defendant is being difficult for the sake of being difficult.  This court should not tolerate this type of obfuscation and this refusal to attempt to resolve differences.  The Defendant's conduct in this regard is contrasted with Plaintiff's conduct where she has attempted in good faith to work out the differences to permit discovery to go forward.  Said attempts between both the County and Onorato have not met with success, but that is not for lack of effort on the part of the Plaintiff.  The Court should consider the imposition of substantial sanctions on the County and its Counsel for its obdurate and dilatory approach to this case.

### IV. MOTION TO COMPEL RESPONSES TO PLAINTIFF'S INTERROGATORIES TO DEFENDANT COUNTY OF ERIE

25.     Interrogatory number one (1) requests the Defendant to identify each email to or from Plaintiff that was in the possession of Erie County and such or the Office of Children and Youth at the time of the meeting of September 10, 2004. Defendant objected that the interrogatory is unduly burdensome in that it is not specific in time (although it refers to one specific date) and includes "thousands of e-mails contained on the hard drives of computers used by Plaintiff during her employment with Erie County OCY." Defendant further asserts that "most e-mails contain information that is confidential in nature and

protected from disclosure by state and federal law. The Defendant objected as well on the grounds that the interrogatory as written is not reasonably calculated to lead to the discovery of admissible evidence." Obviously, these emails are relevant since Plaintiff is accused of abusing the County email system and that was offered as the sole reason for her termination. The point of the interrogatory is to demonstrate that some of the emails upon which the County intends to rely at trial were not discovered until after Plaintiff was terminated. If they were available to the Defendant as of September 10, they were not mentioned in the meeting were Plaintiff was terminated. These interrogatories are, again, susceptible to an appropriate protective order and are clearly relevant to this case, as well as being reasonably likely to lead to the discovery of admissible evidence.

26. Interrogatory number six (6) requests that the Defendant identify each document that was in the possession of and actually considered by Erie County and the Office of Children and Youth in connection with the meeting of September 10, 2004. Defendant responded "Objection. This Interrogatory is vague and indecipherable. Therefore the Defendant is unable to respond to it." This response seems somewhat disingenuous. The Interrogatory clearly requests identification of all documents that were considered by the Defendant in its decision to terminate Ms. Conley's employment. The Interrogatory is not vague or indecipherable, but is calculated to gain an understanding of the reasoning that led to the Plaintiff's termination and the status of evidence that supported that reasoning as of the time she was terminated as opposed to evidence obtained subsequently which is, of course, to be considered in a different light than the

evidence that supports the initial decision. Defendant is, it appears, going to attempt to conflate evidence it was aware of as of September 10th with after acquired evidence. These two sources of evidence are considered under very different standards. *McKennon vs. Nashville Banner*, 513 U.S. 352 (1995). Plaintiff contends that the Defendant did not have in its possession sufficient information to justify her termination as of September 10, when she was terminated. Further, these documents will enhance Plaintiff's understanding as to why the progressive discipline policy was not utilized in her case, particularly where she was the first person in at least five years to be disciplined at all for a violation of the computer use policy. Plaintiff is in possession of numerous documents that demonstrate that OCY staff and supervisors, including some of the parties here, or used the email system in clear violation of the County Policy. Plaintiff's interrogatory number six merely seeks to determine the evidence supporting the County's asserted defense of good cause for Plaintiff's termination. It is not vague, indecipherable, or incomprehensible. Defendant's refusal to answer this interrogatory is not in good faith, is calculated to prolong and complicate these proceedings, increase the burden thereof to the Plaintiff and multiply the expense. Defendant should be ordered to answer interrogatory number six (6) fully and completely.

27.     Interrogatory number nine (9) asks the Defendant to set forth the number of children whose parental rights were terminated and who were adopted with the participation of the Erie County Office of Children and Youth between January 1, 2000 and the date of the Answer to the Interrogatory. The Defendant objected claiming that the

interrogatory was not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory clearly is calculated to lead to the discovery of admissible evidence. Defendant intends to show that a portion of the funding for the Office of Children and Youth was dependent on an increase in the number of terminations of parental rights and adoptions, giving the Office of Children and Youth an incentive to seek termination in cases where reunification was practical. This dispute is at the heart of both of the cases for which Plaintiff was terminated. Plaintiff has asked merely for one number. Plaintiff has not asked for the identities of any of the people involved or any information that could conceivably be considered confidential. Defendant should be ordered to respond fully and completely to Plaintiff's Interrogatory number nine (9).

28.   Plaintiff's Interrogatory number eleven (11) requested the Defendant to "describe each instance in which [Defendant] allege[s] Plaintiff improperly disclosed confidential information, specifically describing the information, identifying the person or entity to whom the information was disclosed, the statute, rule, regulation, policy or other basis for [Defendant's] claim that the information was confidential, the date upon which each instance that [Defendant] allege[s] constitutes a breach of confidentiality occurred and the date upon which each instance was discovered." Defendant's answer, rather than describing specific and discrete instances which Defendant intends to prove at trial identifies persons that the Defendant "believes" Plaintiff disclosed information to and makes reference to the Plaintiff's deposition and Deanna Cosby's deposition. Further, the Defendant claims that Plaintiff was "provided all of this information during the

17

proceedings before the State Labor Relations Board [sic] the date of discovery of this information is unknown to the Defendant at this time." The interrogatory seeks clarification of the Defendant's position concerning its allegations that Plaintiff, on numerous occasions, improperly disclosed confidential information. The paucity of the answer indicates either that Defendant simply is not going to be able to prove its allegations. Plaintiff did not purchase a copy of her deposition, since the charge was approximately $800 and she knows what she said. Defendant's counsel refused to provide counsel for Plaintiff with copies of all of the depositions offered at that deposition and did not provide Plaintiff with any copies of the exhibits of Deanna Cosby's deposition which was taken pursuant to an invalid subpoena in North Carolina. The interrogatory is intended to focus the issues in this case to discrete instances rather than vague sweeping allegations which is all the Defendant has made up to this point. Plaintiff is aware that Defendant alleges that one email where Deanna Cosby, not Plaintiff, stated that Vicki Wilson would become aware of the fact that there was a detention order when the Office of Children and Youth came and took her baby from her in the hospital was a violation of law. Aside from that, Plaintiff is not aware of what other instances the Defendant is alleging and therefore would not be able to respond to allegations concerning any such incidents at trial. The interrogatory is clearly intended to lead to the production of admissible evidence, specifically evidence that the Defendant intends to offer in its case. The dates of discovery are crucial, as noted above, since after discovered evidence is treated differently from the evidence in the Defendant's possession at the time the decision was

made and Plaintiff needs this information in order to prepare for trial.

## V. CONCLUSION AND REQUEST FOR SANCTIONS

29. The Defendant's truculent and cavalier non-responses to Plaintiff's limited and reasonable discovery requests are clearly not in good faith. Pursuant to F.R. Civ. P. 26, the parties have a duty to cooperate in discovery. Defendant failed to cooperate in any regard, despite Plaintiff's offer to enter into an appropriate protective order and Plaintiff's efforts to further clarify her requests. To the date that this motion is being filed, the responses filed herewith are the only responses that Plaintiff has received to her discovery requests.

30. The Defendant's failure and refusal to respond to Plaintiff's reasonable discovery requests is going to prolong these proceedings. Already, the discovery deadline has been extended twice solely due to the Defendant's failure to respond in a timely fashion to the discovery requests. It is clear that a further extension will be required unless the Defendant resolves these issues prior to the date this motion is argued and makes its employees available for depositions in a timely fashion. It should be noted that a number of the Defendant County of Erie's employees are either no longer employed by the County or will no longer be employed by the County after Mr. Mark Divecchio assumes the County Executive position on January 3rd. The delays in this case have thus inured to the Defendant's benefit by making discovery more difficult in the future.

31. This court should consider the imposition of substantial sanctions on the Defendant County of Erie sufficient to deter the County and other parties similarly situated

from engaging in obdurate and bad faith obstruction of discovery. Gamesmanship should not be tolerated by this Court and the Court should insist that persons who come before it comply with the rules.

WHEREFORE, Plaintiff requests an order compelling discovery and imposing sanctions on Defendant County of Erie.

                      Respectfully submitted,

                      LAW OFFICES OF TIMOTHY D. McNAIR

                      By:____s/ Timothy D. McNair_____
                          Timothy D. McNair, Esquire
                          Counsel for Plaintiff, Abby Conley
                          821 State Street
                          Erie, PA 16501
                          (814) 452-0700
                          Supreme Court ID #34304
                          tmcnair@velocity.net

                      VENDETTI & VENDETTI

                      By____s/ Anthony Angelone / tdm_____
                          Anthony Angelone, Esquire
                          Attorney for Plaintiff
                          3820 Liberty Street
                          Erie, Pennsylvania 16509
                          (814) 868-8541
                          Supreme Court I.D. No. 56206
                          aangelone@vendettilaw.com