IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| ABBY B. CONLEY, | : | ELECTRONICALLY FILED |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| COUNTY OF ERIE, ERIE COUNTY | : | |
| OFFICE OF CHILDREN AND YOUTH, | : | |
| a/k/a ERIE COUNTY CHILD WELFARE | : | |
| SERVICE, RICHARD SCHENKER, | : | |
| individually and in his capacity as County | : | |
| Executive of Erie County, Pennsylvania, | : | |
| PETER CALLAN, individually and in his | : | |
| capacity as Erie County Director of Personnel, | : | |
| DEBRA LIEBEL, individually and in her | : | |
| capacity as Executive Director, Erie County | : | |
| Office of Children and Youth, a/k/a Erie | : | |
| County Child Welfare Service and JOHN A. | : | CIVIL ACTION NO. 05-76E |
| ONORATO, ESQUIRE, individually and in | : | |
| his capacity as Erie County Solicitor | : | |
| Defendants | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT JOHN ONORATO'S MOTION TO COMPEL**

NOW COMES the plaintiff, Abby B. Conley, by and through her attorneys, Timothy D. McNair, Esquire, and Anthony Angelone, Esquire, and, pursuant to this Court's Order of December 3, 2005, file the following response to the Motion to Compel filed by defendant John M. Onorato, Esquire, respectfully representing:

**I. Nature of the Case, Objections to Discovery**

1.  Plaintiff seeks damages pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, the Pennsylvania Whistleblower Law, 43 Pa. C.S. 1421, *et seq.,* and defamation. These

claims are set out with substantial factual detail in plaintiff's complaint.

2. Plaintiff was terminated September 10, 2004 after a meeting with defendants Callan, Onorato and Liebel. At that meeting, plaintiff was accused of providing the published telephone number of an attorney for a client of the Erie County Office of Children and Youth ("ECOCY") to a former employee of ECOCY. No other accusations, charges or claims were raised at said meeting.

3. Plaintiff appealed her termination to the Commonwealth of Pennsylvania Civil Service Commission which scheduled a hearing. In its pretrial statement for that hearing, defendant County of Erie, for the first time, alleged that Plaintiff had "breached confidentiality" by disclosing a detention order entered against an ECOCY client by the Court in anticipation of the client giving birth to another child. Plaintiff never saw or was directly informed of the entry of any such order.

4. Plaintiff elected to proceed under the terms of her collective bargaining agreement through her collective bargaining agent with defendant County of Erie, canceling her Civil Service Commission appeal. An arbitration hearing has been scheduled, but not yet held.

5. On March 7, 2005, plaintiff filed the within complaint. After service of a motion for entry of default judgment, the defendants filed a non-responsive answer denying each and every averment of the complaint. Subsequently, with leave of the plaintiff, defendants filed an answer asserting affirmative defenses.

6. The movant, herein, John M. Onoranto, Esquire, later sought and was granted

leave to file a separate answer, which was filed on April 18, 2005. Said answer responds generally to the averments of the Complaint and sets forth fifteen affirmative defenses. As defendant Onorato points out in his motion, his joinder in this case involves plaintiff's claims under 42 U.S.C. § 1983 and common law defamation for statements made by Onorato to the press to the effect that the children of Erie County needed to be protected from the plaintiff, implying that the plaintiff was a child molester or abusive pervert who could not be trusted with children. This assertion is clearly and undeniably untrue and cast plaintiff in a false light with the intention of harming her good reputation in the community.

7. On September 6, 2005, plaintiff gave a deposition which extended over more than nine hours. During the course of this deposition, plaintiff was questioned extensively concerning her employment history and was questioned extensively concerning every change in employment plaintiff underwent in her lifetime, as well as her health history. Plaintiff answered a large number of irrelevant and impertinent questions posed by both counsel for the County of Erie and defendant Onorato, as she was required to do under the rules.

8. On September 20, 2005, plaintiff served responses to defendant Onorato's Interrogatories and Request for Production of Documents.

9. Subsequently, on September 23, 2005, counsel for defendant Onorato requested amplification of the interrogatories in a three page letter, to which plaintiff, through counsel, responded on October 4, 2005. Said responses and correspondence are

incorporated in the exhibit filed by defendant Onorato with his Motion to Compel.

10. Plaintiff received no response to her counsel's correspondence of October 4, 2005 from defendant Onorato until December 2, 2005, when the instant motion was filed.

## II. Motion to Compel Responses to Interrogatories Regarding Prior Employment

11. Interrogatories number 4 and 5 sought information concerning plaintiff's employment from "January 1, 1985." Counsel for defendant was present and participated in plaintiff's deposition and therefore is in possession of plaintiff's detailed responses to these questions. The responses to the deposition questions are certainly admissible and useful as evidence in any aspect of this case. Requiring plaintiff to repeat these responses is unduly burdensome, duplicative and calculated only to intimidate and harass the plaintiff.

WHEREFORE, defendant's Motion to Compel Responses to questions to Interrogatories regarding prior employment should be denied.

## III. Interrogatories Demanding Medical History and Mental Health Treatment Information

12. Interrogatories 6 and 7 request information regarding the identity of *all* of the plaintiff's healthcare providers, "including physicians, nurses, physical therapists, psychologists, psychiatrists, chiropractors, analysts, counselor or any other healer" from January 1, 1985. This request carries with it the ominous portent that defendant will attempt to subpoena plaintiff's records directly from these providers.

13. Interrogatory number 7 asked if plaintiff has ever "been diagnosed with

depression, schizophrenia, paranoia or addiction."  Plaintiff has already responded to questions in this regard at her deposition.

14.     Defendant is already in possession of the requested information in an admissible form by virtue of plaintiff's deposition.  Further, mental health records and treatment are confidential and protected by statute.  Defendant should not be permitted to subpoena plaintiff's medical records which have absolutely no bearing on any claim or defense raised in this case.  Plaintiff has not claimed any physical injury. Defendant claims that the information is necessary to examine plaintiff's claim of mental anguish and non-pecuniary losses.

15.     It is well settled under Pennsylvania law that medical evidence need not be produced to sustain an award of compensatory damages when damages are "direct, obvious and foreseeable results of an injury...even when the bodily injury is minor or trivial in character."  *Montgomery vs. Bazaz-Sehgal*, 742 A2d 1125, 1132 (Pa. Super. 1999).  *Bolden vs. SEPTA,* 21 F.3d 29, 33 (3rd Circuit 1994) ("We are persuaded that the approach taken by our sister Circuits which have dispensed with a requirement of expert testimony to corroborate a claim for emotional distress is more consistent with the broad remunerative purpose of the Civil Rights Laws.")(Upholding jury award of $250,001 for emotional damages in an employment discharge case).  See also, *Becker vs. ARCO,* 15 F Supp. 2nd 600 (E.D. Pa. 1998) (reversed on other grounds), *O'Neil vs. Sears Roebuck and Company,* 108 F. Supp. 2d 433  (E.D. Pa. 2000) (Upholding an award of compensatory damages of $175,000 despite the offer of no medical evidence).

16. Defendant's true motivation in seeking this information is to humiliate and oppress plaintiff by publicizing her medical history and psychological history.

17. Pursuant to the 2000 Amendments to F.R.Civ.P. 26(b)(1), the scope of discovery was narrowed to "any matter, not privileged, that is relevant to the claim of any party. ... for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action..." F. R. Civ. P 23(b)(1).

18. A review of the answer and affirmative defenses filed by defendant Onorato reveals no mention of any medical or psychological condition of the plaintiff. Mr. Onorato contends that he is a "high public official," and makes numerous boiler plate allegations concerning the sufficiency of the pleading, statute of limitations, collateral estoppel, and various factual disputations. None of the affirmative defenses pleaded by defendant Onorato implicate plaintiff's health or mental status in any regard. Therefore, on this basis alone, defendant Onorato's request for plaintiff's medical records should be denied. This request should be seen for what it is - a blatant attempt to embarrass, intimidate and humiliate the plaintiff by threatening disclosure of sensitive personal data which has no conceivable relevance to the defendant's case.

19. Defendant Onorato alleges that he "believes that plaintiff has a history of mental and/or emotional issues, including depression that may be the genesis of the 'mental anguish' and 'other non-pecuniary losses hat she contends were created by defendant's actions." Plaintiff has testified fully, in her deposition, to her prior mental health treatment. Disclosure of her records would not aid the defendant in any regard,

except perhaps his desire to embarrass and humiliate the plaintiff further.

WHEREFORE, defendant's request for disclosure of plaintiff's medical and psychological history should be denied.

### IV. Communications With Third Parties

20. The most troubling of defendant Onorato's discovery requests have to do with plaintiff's communication with persons outside ECOCY. This interrogatory does not relate to any issue raised in the pleadings or out of any published story and is therefore irrelevant. The obvious intent of this is to frustrate the Pennsylvania Shield law, 42 Pa C.S. §5942. The Interrogatory requests *every* conversation plaintiff has had with any "representative of the media" for a period of almost three years. Certainly, plaintiff has a constitutional right to speak to the media concerning any matter she chooses. There has been no evidence or even an allegation in this case that the media has acquired or published any "confidential" information and no basis to assert that plaintiff has provided any "confidential" information to anyone in the media. This is a pure fishing expedition, an inquiry which is calculated to cause annoyance, embarrassment and oppression. Mr. Onorato can point to no part of the pleadings which renders any conversation with any reporter relevant to this Court's determination of plaintiff's case.

21. Defendant has also, incredibly, demanded that plaintiff produce all her home personal computer and hard drives, claiming that this will "lead to admissible evidence regarding plaintiff's breach of confidentiality." At the outset, it should be noted that the defendant has not established or even pleaded the existence of any breach of

confidentiality. Defendant, in his motion, inaccurately recounts and misleadingly edits an email exchange between plaintiff and Deanna Cosby, but does not identify how any of the information contained therein was "confidential." In fact, it was common knowledge that a detention order would be issued in such a case; as the County admits in its Answers to Interrogatories, similar orders have been entered in 134 cases, with no request ever being denied by the Court. (Defendant, County of Erie's response to plaintiff's interrogatory number 7, Exhibit "F" to plaintiff's Motion to Compel). The defendant cannot, in any way, prove that this information was "confidential," since common knowledge is never considered to be "confidential." Further, the County has not, although asked in plaintiff's interrogatories, demonstrated that plaintiff had access to or knowledge of any specific order. The County and defendant Onorato in this case are taking an unreasonably broad view of "confidentiality." In their view, anything the ECOCY does not want the public to know is "confidential." Information that they want to disseminate is not. Confidentiality and privilege are determined by law and statute. Defendant has not cited any statute or order violated by plaintiff which resulted in any release of any identifiable confidential information.

22.     The defendant's request to have plaintiff's computer hard drive examined by an expert to "determine what emails were sent by [plaintiff] to employees of the defendant, members of the public, members of the media and press and when emails were erased by you, among other information" is clearly overbroad, unduly burdensome and obviously calculated to cause annoyance, embarrassment and humiliation to the Plaintiff. Plaintiff's

communications are not at issue in this case. The only issue in this case is the motive of the defendant County of Erie in unlawfully terminating plaintiff's employment and whether or not defendant Onorato slandered plaintiff by claiming that she was a perverted child molester. Plaintiff's communications and writings have no bearing on this case, are irrelevant and would necessarily be disclosed by the type of examination the defendant proposes. Mr. Onorato cites no case where a court has ever entered an order compelling an individual to relinquish the hard drive of his computer, not used in connection with employment or owned by an employer. Further, defendant's asserted intent is clearly oppressive. The production of the hard drive would lead to the disclosure of substantial private information which is none of the defendant's business.

23. Plaintiff and counsel frequently communicate by email. To the extent that emails would be recoverable from plaintiff's hard drive, such recovery would violate the attorney-client privilege. Defendant suggests that these emails be deleted and a "privilege log" be prepared, but in light of the fact that deleted files can easily be reconstructed, as defendant County of Erie has already demonstrated, this is an insufficient safe guard.

24. If the defendant is in need of particular documents that it has *reason* to believe reside on plaintiff's hard drive, it should, as counsel for plaintiff suggested in his letter of October 4, 2005, ask for them specifically. Defendant's request in this regard amounts to a classic "fishing expedition" and this court should not tolerate it.

25. Defendant refers to a statement by Deanna Cosby, a former employee of ECOCY, to the effect that she "would do ANYTHING to see [ECOCY] go down in

flames!!!!!" (Capitalization added by defendant) Regardless of Cosby's attitude, defendant Onorato cannot demonstrate that that was the plaintiff's attitude. Plaintiff intends at trial to demonstrate that she was dedicated to the mission of ECOCY, but that she was troubled by the mismanagement and abuses she viewed on a daily basis. Plaintiff will prove that ECOCY employees were not performing the functions for which they were hired, were not complying with Court directives and were violating statutory procedures. Plaintiff's sole motivation was to see ECOCY return to its mission.[1]

---

[1] Apparently, that desire is shared by the County of Erie since the head of ECOCY, defendant Liebel has been sacked, a new director has been appointed and significant organizational changes have been made and are planned pursuant to a County commissioned study by the Child Welfare League.

WHEREFORE, Plaintiff respectfully demands that defendant Onorato's Motion to Compel be denied.

Respectfully submitted,

LAW OFFICES OF TIMOTHY D. McNAIR

By: /s/ Timothy D. McNair, Esquire
   Timothy D. McNair, Esquire
   Attorneys for Plaintiff, Abby B. Conley
   821 State Street
   Erie, PA 16501
   814-452-0700
   Supreme Court I.D. No. 34304
   tmcnair@velocity.net

VENDETTI & VENDETTI

By: /s/ Anthony Angelone, Esquire
   Anthony Angelone, Esquire
   Attorney for Plaintiff, Abby B. Conley
   3820 Liberty Street
   Erie, Pennsylvania 16509
   (814) 868-8541
   Supreme Court I.D. No. 56206
   aangelone@vendettilaw.com