IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| ABBY B. CONLEY, | : | **JURY TRIAL DEMANDED** |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| COUNTY OF ERIE, ERIE COUNTY | : | |
| OFFICE OF CHILDREN AND YOUTH, | : | |
| a/k/a ERIE COUNTY CHILD WELFARE | : | |
| SERVICE, RICHARD SCHENKER, | : | |
| individually and in his capacity as County | : | |
| Executive of Erie County, Pennsylvania, | : | |
| PETER CALLAN, individually and in his | : | |
| capacity as Erie County Director of Personnel, | : | |
| DEBRA LIEBEL, individually and in her | : | |
| capacity as Executive Director, Erie County | : | |
| Office of Children and Youth, a/k/a Erie | : | |
| County Child Welfare Service and JOHN A. | : | CIVIL ACTION NO. 05-76E |
| ONORATO, ESQUIRE, individually and in | : | |
| his capacity as Erie County Solicitor | : | |
| Defendants | : | |

## MOTION FOR ENTRY OF PROTECTIVE ORDER

NOW COMES the Plaintiff, Abby B. Conley, by her attorneys, Timothy D. McNair and Anthony Angelone, and respectfully moves this Honorable court for entry of a Protective Order permitting her to examine so-called "confidential" documents in the possession of the defendants, respectfully representing:

1.      This case arises out of the termination of plaintiff's employment by defendant, County of Erie in retribution for her honest testimony and good faith report of wrong doing by her coworkers.  Plaintiff is claiming damages under the Pennsylvania

Whistleblower Law, 43 Pa.C.S. §1421, *et seq.* the Civil Rights Act, 42 U.S.C. §1983 and common law defamation which occurred after plaintiff's termination.

2.  In the course of discovery, plaintiff has requested the defendant to identify and produce several documents.  Defendant has refused to identify and produce these documents, claiming that they are "confidential."

3.  The meaning of the term "confidential" as used by defendant in this circumstance is apparently flexible and incapable of definition with reasonable precision. Defendant has yet to identify any document alleged to be confidential, much less set forth a legal basis to claim it is confidential

4.  Rather than waste everyone's time fighting and arguing over what is "confidential" and what is not, plaintiff has offered to enter into a stipulated Protective Order.  Defendant has declined to consider any stipulated protective order and refuses to make available any of the requested documents.

5.  Plaintiff is proposing the attached protective order and acknowledgment.

6.  The order provides that plaintiff can come to court and contest the confidentiality designation.

7.  The order provides that all confidential documents will be returned at the conclusion of the litigation.

8.  The proposed order provides that the court shall enter sanctions in the event the order is violated.

9.  Plaintiff submits that the foregoing provisions are more than adequate to

protect the defendant's interest and the interests of the persons who are to benefit by the "confidentiality."

10.     Plaintiff requests this court to enter a protective order in the form attached so that discovery can proceed.

WHEREFORE, plaintiff requests entry of the attached order.

Respectfully submitted,


LAW OFFICES OF TIMOTHY D. McNAIR


By:___ s/ Timothy D. McNair_____
        Timothy D. McNair, Esquire
        Attorneys for Plaintiff
        821 State Street
        Erie, PA  16501
        (814) 452-0700 , fax (814) 454-2371
        PA 34304
        tmcnair@velocity.net

VENDETTI & VENDETTI

By___ s/ Anthony Angelone_____
        Anthony Angelone, Esquire
        Attorney for Plaintiff
        3820 Liberty Street
        Erie, Pennsylvania 16509
        (814) 868-8541
         PA 56206
        aangelone@vendettilaw.com

3