IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| ABBY B. CONLEY, | : | **JURY TRIAL DEMANDED** |
|     Plaintiff | : | |
| | : | |
|   VS. | : | |
| | : | |
| COUNTY OF ERIE, ERIE COUNTY | : | |
| OFFICE OF CHILDREN AND YOUTH, | : | |
| a/k/a ERIE COUNTY CHILD WELFARE | : | |
| SERVICE, RICHARD SCHENKER, | : | |
| individually and in his capacity as County | : | |
| Executive of Erie County, Pennsylvania, | : | |
| PETER CALLAN, individually and in his | : | |
| capacity as Erie County Director of Personnel, | : | |
| DEBRA LIEBEL, individually and in her | : | |
| capacity as Executive Director, Erie County | : | |
| Office of Children and Youth, a/k/a Erie | : | |
| County Child Welfare Service and JOHN A. | : | CIVIL ACTION NO. 05-76E |
| ONORATO, ESQUIRE, individually and in | : | |
| his capacity as Erie County Solicitor | : | |
|     Defendants | : | |

## PROTECTIVE ORDER

AND NOW this _____ day of January, 2006, it is ORDERED:

1. Plaintiff has requested from Defendant production of certain documents which Defendant claims are privileged and/or confidential pursuant to statute, rule or regulation.

2. Plaintiff needs to review and examine these documents in order to prepare her case for trial.

3. The County of Erie shall make said documents available to Plaintiff upon the

terms and conditions set forth herein.

4. All information that is confidential or protected by statute, rule or regulation that is provided by the County of Erie to Plaintiff shall be held by Plaintiff in confidence. Plaintiff shall not copy, publish, reveal, disclose, or make available any such documents to any person not bound by this Order. Any person requiring access to confidential documents shall agree in writing to be bound by this order in accordance with the attached acknowledgment of order, and counsel for Plaintiff shall maintain executed copies of this order signed by each person to whom any of the confidential material is disclosed.

5. Defendant shall identify each document it claims to be confidential in accordance with instruction "I" of Plaintiff's Interrogatories to the Defendant. Specifically, Defendant shall:

    a. State the type of document (eg. letter, memorandum, telegram, invoice, etc.);

    b. State its dates;

    c. State its title (if any);

    d. Describe its general subject matter and contents;

    e. Identify its present location;

    f. Identify its author or originator;

    g. Identify its present custodian;

    h. If the document is no longer in the possession of the County, identify its last known custodian, describing the circumstances under which it passed from the County's control to that person and identify each person having knowledge of such circumstances and/or the present location of the document.

6. As to each document, the County shall set forth the statute, rule, or regulation it contends renders each such document privileged or confidential. The list of documents shall not be disclosed to anyone other than the Plaintiff's counsel, advisors, or investigators without permission of the Defendant or Order of Court.

7. In the event that the County designates documents to be confidential and Plaintiff disagrees that said documents are covered by the statute, rule or regulation cited, Plaintiff shall file a Motion with the Court, under seal, setting forth the basis for the disagreement, the proposed redactions, if any and the basis upon which all the parties claim the document is or is not privileged or confidential.

8. At the conclusion of the litigation, all documents designated by the County as confidential which have not been otherwise determined not to be confidential shall be returned, intact, together with all copies thereof made by the Plaintiff, to the County.

9. In the event that Plaintiff or anyone acting on her behalf discloses, publishes, releases, or otherwise reveals the contents of any document found to be privileged or confidential pursuant to this Order, the Court shall impose immediate sanctions upon the person found to have made the disclosure in violation of this order.

By the Court,

_____
Sean J. McLaughlin, USDJ