IN THE UNITED STATES DISTRICT COURT FOR
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABBY B. CONLEY, | CIVIL DIVISION |
| Plaintiff, | No.:  05-CV-76 E |
| -vs- | Judge Sean J. McLaughlin |
| COUNTY OF ERIE, ERIE COUNTY OFFICE OF CHILDREN AND YOUTH a/k/a ERIE COUNTY CHILD WELFARE SERVICE, RICHARD SCHENKER, individually and in his capacity as County Executive of Erie County,  Pennsylvania, PETER CALLAN, individually and in his capacity as Erie County Director of Personnel, DEBRA LIEBEL, individually and in her capacity as Executive Director, Erie County Office of Children and Youth a/k/a Erie County Child Welfare Service, and JOHN A. ONORATO, ESQUIRE, individually and in his capacity as Erie County Solicitor, | |
| Defendants. | |

## DEFENDANTS' SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

AND NOW, comes the Defendants, by and through their counsel, the Law Office of Joseph S. Weimer and Edmond R. Joyal, Jr., Esquire, and hereby submits the following Supplemental Answers to Plaintiff's First Set of Interrogatories as follows:

1.     Please identify each e-mail to or from plaintiff that was in the possession of Erie County and/or the Office of Children and Youth at the time of the meeting of September 10, 2004.

**ANSWER:**

      The Defendants continue their objections to this interrogatory and incorporate it by reference. In further response the defendants state that the emails that were known to the OCY at the time of the September 10, 2004, meeting have been produced in the first supplemental response to Plaintiff's interrogatories and have been marked as Exhibits in the deposition of Abby Conley. Specifically, they are Exhibits 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 23, 24, 25, and 26. In addition, all emails that were contained on the hard drive of the computer used by Abby Conley and which belong to Erie County OCY may be considered to have been in the possession of Erie County OCY at the time of the meeting of September 10, 2004. The Defendants wish to make clear that in addition to the emails discovered on Ms. Conley's hard drive, all information received by OCY and inferences drawn by OCY supervisors as a result of actions taken by Ms. Conley and information received from sources other than OCY employees was used in making the determination that Ms. Conley should be separated from her employment with OCY.

2.    Please identify each e-mail to or from plaintiff which came into the possession of Erie County and/or the Office of Children and Youth subsequent to the meeting of September 10, 2004.

**ANSWER:**

      Upon information and belief, none. As set forth in the supplemental response to Interrogatory 1, all emails that were contained on, or recovered from, the hard drive of Abby Conley's computer but not printed prior to September 10, 2004, may have come into the possession of OCY. To the extent that such emails have not been printed to a hard copy the Defendants cannot specifically identify them.

3.    Please identify each letter to or from or between Robert Beer and Vickie Wilson that was in the possession of Erie County or the Office of Children and Youth at the time of the meeting of September 10, 2004.

**ANSWER:**

Supplemental response: The defendant OCY and Debra Leibel became aware that information concerning the child of Robert Beer and Vickie Wilson as well as confidential information pertaining to an investigation of child abuse had been transmitted to both Ms. Wilson and Mr. Beer prior to September 10, 2004. This information was obtained through an oral report by Robert Beers to P. W. as well as a second letter from Robert Beers to Susan Deveney which contained details about allegations against P. W. That letter was written from prison on or about July 12, 2004. Finally, the OCY became aware of a letter written to Judge Kelly the maternal grandfather of V. W.'s children which outlined the specifics of the allegations made against P. W. by plaintiff.

Objection on the grounds that this information is contained in case records and is protected by state and federal privacy statutes. Without waiving this objection upon information and belief, defendant County of Erie was not aware of any such letters prior to September 10, 2004.

4. Please identify each letter to or from or between Robert Beer and Vickie Wilson that came into the possession of Erie County or the Office of Children and Youth after the meeting of September 10, 2004.

**ANSWER:**

The letters are marked as Exhibits 13, 14, 15, 16, 17, 18 and 19. They are also marked in the documents produced earlier in the first supplemental response to the request for production.

Objection on the grounds that this information is contained in case records and is protected by state and federal privacy statutes. Without waiving this objection all letters relevant to this action were identified and produced at the depositions of Abby Conley and Deanna Cosby.

5. Please identify each employee of the County of Erie or the Office of Children and Youth who was disciplined for a violation of the County E-mail policy between 2000 and the date of your answer, setting forth the name of the employee, the nature of the violation, and the discipline imposed.

**ANSWER:**

None.  Abby Conley was disciplined for using the email system of Erie County to disclose confidential information concerning its clients to persons not entitled by law to receive such information.

6. Please identify each other document that was in the possession of and actually considered by Erie County and the Office of Children and Youth in connection with the meeting of September 10, 2004.

**ANSWER:**

Supplemental response:  All emails previously identified above as well as material provided by Abby Conley to her supervisors and the investigator for DPW. In addition an email from Heather Renee-mcConnell to Colleen Locke and Debi Leibel dated July 8, 2004, pertaining to confidentiality concerns was also in the possession of OCY.  The documents which the Defendants believe were provided to the investigator contain at the top the following notations (C 18374) and (C 18674).  In addition, the County of Erie and OCY considered oral discussions with DPW personnel concerning conversations with Abby Conley during the interview conducted by them as well as information obtained from Cheryl Beers concerning her belief that the OCY had someone leaking information to V. W.  Finally, OCY and the County of Erie considered information obtained from sources within the department including union officials, discussions with supervisory personnel about interactions with plaintiff and the fact that Ms. Conley had sent confidential information to her home computer, which information included a draft report in the S. C case which was then provided to counsel for one of the parents prior to a hearing on July 28.  This indicated that plaintiff had removed documents off site in violation of department policy.

Objection.  This interrogatory is vague and indecipherable.  Therefore, the defendant is unable to respond to it.

7. Please set forth the number of prenatal detention orders sought by the Erie County Office of Children and Youth between January 1, 2000 and the date of your answer to this Interrogatory, setting forth the number that were granted and the number that were denied.

**ANSWER:**

Objection. This interrogatory is not reasonable calculated to lead to the discovery of admissible evidence. Without waiving this objection, upon information and belief, 134 granted and none denied by the court.

8. Please identify each internal policy, rule, statute, regulation, or other policy governing the circumstances in which a prenatal detention order is sought.

**ANSWER:**

42 Pa. C. S. A. §§ 6325, 6325; 55 Pa. Code 3490.73. Also, see the attached administrative orders.

9. Please set forth the number of children whose parental rights were terminated and who were adopted with the participation of the Erie County Office of Children and Youth between January 1, 2000 and the date of your answer to this Interrogatory.

**ANSWER:**

Objection, this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

10. Please identify each source of funding to the County Office of Children and Youth that is based on, tied to, or related to the number of adoptions or the change in the number of adoptions completed with the participation of the Erie County Office of Children and Youth.

**ANSWER:**

Objection on the grounds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection the federal money is directed though Title IV E of department of human services statutes and the other money comes from state and county sources.

11. Please describe each instance in which you allege plaintiff improperly disclosed confidential information, specifically describing the information, identifying the person or entity to whom the information was disclosed, the statute, rule, regulation, policy, or other basis for your claim that the information was confidential, the date upon which each instance that you allege constitutes a breach of confidentiality occurred and the date upon which each instance was discovered.

**ANSWER:**

Supplemental response: Gerald Villella, Stan Chaklos dates are unknown.

Upon information and belief plaintiff disclosed such information to Deanna Cosby, Vickie Wilson, E. Palatella and other unknown persons. The violations of policy and statutes were identified during plaintiff's deposition and the deposition of Deanna Cosby. The dates of the emails are exhibits to both depositions. In addition, plaintiff's counsel was provided all of this information during the proceedings before the state labor relations board. The date of discovery of this information is unknown to the defendant at this time.

**LAW OFFICE OF JOSEPH S. WEIMER**

_____
Edmond R. Joyal, Jr., Esquire
Law Office of Joseph S. Weimer
975 Two Chatham Center
Pittsburgh, PA  15219
(412) 338-3184
PA I.D. #65907
Attorney for Defendants, County of Erie,
Erie County Office of Children and Youth
a/k/a Erie County Child Welfare Service
Richard Schenker, Peter Callan, and
Debra Liebel

**CERTIFICATE OF SERVICE**

I, Edmond R. Joyal, Jr., Esquire, hereby certify that a true and correct copy of the foregoing Defendants' Supplemental Answers to Plaintiff's First Set of Interrogatories has been served by First Class Mail, postage pre-paid, upon the following parties on this_____day of January, 2006.

>Anthony Angelone, Esquire
>Vendetti & Vendetti
>3820 Liberty Street
>Erie, PA  16509
>*(Counsel for Plaintiff)*
>
>Timothy D. McNair, Esquire
>Law Office of Timothy D. McNair
>821 State Street
>Erie, PA  16501
>*(Counsel for Plaintiff)*
>
>Mark R. Lane, Esquire
>Dell, Moser, Lane & Loughney, LLC
>525 William Penn Place, Suite 3700
>Pittsburgh, PA  15219-1707
>*(Counsel for Defendant, John A. Onorato, Esquire)*

**LAW OFFICE OF JOSEPH S. WEIMER**

_____
Edmond R. Joyal, Jr., Esquire
Attorney for Defendants,
County of Erie, Erie County Office of
Children and Youth a/k/a Erie County Child
Welfare Service, Richard Schenker, Peter
Callan, and Debra Liebel