IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABBY B. CONLEY,

    Plaintiff

v.

COUNTY OF ERIE, ERIE COUNTY OFFICE
OF CHILDREN AND YOUTH, a/k/a ERIE
COUNTY CHILD WELFARE SERVICE,
RICHARD SCHENKER, individually and in his
capacity as County Executive of Erie County,
Pennsylvania, PETER CALLAN, individually
and in his capacity as Erie County Director of
Personnel, DEBRA LIEBEL, individually and in
her capacity as Executive Director, Erie County
Office of Children and Youth, a/k/a Erie Child
Welfare Service and JOHN A. ONORATO,
ESQUIRE, individually and in his capacity as
Erie County Solicitor,

    Defendants.

JURY TRIAL DEMANDED

Civil Action No.: 05-CV-76 E

Judge Sean J. McLaughlin

## JOHN ONORATO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S THIRD MOTION TO EXTEND DISCOVERY

AND NOW comes Defendant, John A. Onorato, Esquire, by and through his attorneys, Dell, Moser, Lane & Loughney, LLC, and Mark R. Lane, Esquire, and respectfully Responds to Plaintiff's Third Motion to Extend Discovery as follows:

1. Plaintiff initiated the instant action by filing a Complaint on March 7, 2005.

2. As indicated by the Plaintiff in her Motion, Discovery was originally scheduled to conclude on October 3, 2005.

3. Between March 7, 2005 and September 20, 2005, the Plaintiff engaged in absolutely no discovery directed to the Defendants. Then, after her six (6) month period of complete inactivity, without any attempt to move this case forward or comply with the

original discovery deadline, the Plaintiff began serving subpoenas and Notices of Deposition on September 20, 2005, just thirteen (13) days prior to the close of discovery. At that time, Plaintiff attempted to schedule a number of depositions to occur on September 27, 2005 and September 28, 2005, providing the deponents and attorneys in this case with seven (7) days notice of her contemplated depositions. Therefore, it is not surprising that John Onorato was not available to attend his deposition on October 28th, as scheduled. Undersigned counsel cooperated with the Plaintiff in rescheduling the deposition of Mr. Onorato for October 28, 2005, which deposition was subsequently cancelled by the Plaintiff.

    4.    Unlike the Plaintiff, counsel for the Defendants began scheduling depositions in June 2005, providing deponents and counsel with nearly three (3) months notice of the deposition dates. The Defendants also served written discovery directed to the Plaintiff in July 2005.

    5.    Plaintiff served a Request for Production of Documents and Interrogatories to the County of Erie for the first time on September 26, 2005, just seven (7) days prior to the close of discovery and one (1) day prior to the depositions, which Plaintiff had scheduled to occur on September 27, 2005. Apparently, at the time Plaintiff scheduled the depositions of the Defendants (Onorato, Schenker, Callan and Liebel) for September 27, 2005 and September 28, 2005, the Plaintiff did not need Answers to Interrogatories and Requests for Production of Documents in order to conduct those depositions. Now, the Plaintiff uses her claimed need for documents to conduct those same depositions as an excuse to extend discovery for another seventy-five (75) days.

6. On November 9, 2005, the Plaintiff filed a Second Motion to Extend Discovery, claiming that the Defendants' failure to respond to written discovery necessitated the postponement of any depositions. This was clearly not a legitimate excuse, as the Plaintiff did not even serve written discovery until the day before he was to originally conduct the depositions of the Defendants.

7. However, in response to the Plaintiff's Second Motion to Extend Discovery, this Honorable Court again extended discovery to February 3, 2006. Although counsel for the Defendants were available in December, Plaintiff did not schedule depositions to occur in December. Unfortunately, counsel for the Defendants had limited time available in January, and Plaintiff made no attempt to schedule any depositions for either January or February.

8. Plaintiff's request for a seventy-five (75) day extension of discovery and Track II designation is overly broad. This Defendant has no objection to extending discovery for a period of forty-five (45) days for the parties to complete whatever depositions are necessary. However, this case has been pending for eleven (11) months, with the Plaintiff sitting idle for six (6) of those months before attempting to perform discovery, just before the expiration of the first discovery period. Plaintiff's excuse that she cannot perform discovery depositions without responses to written discovery is meritless, as evidenced by her original scheduling of multiple depositions to occur just days after serving written discovery upon the County.

9. With respect to Track II designation, Local Rule 16.1.3.C states that :

Track II cases are those that, based on the complexity of the pleadings or facts, or the demands of the case, appear to require frequent conferences or other judicial intervention. Each class action, anti-trust, securities, environmental, patent, trademark, multi-district or complex case shall presumptively be designated as

Track II. Conferences in Track II cases shall be scheduled on a regular basis and such cases shall be scheduled for trial on a date certain.

This case is not a complex case. The parties have sought judicial intervention on only a few occasions where Motions to Compel were presented and where extensions of time were requested. It is possible that additional Motions will be filed in the nature of requests for sanctions, as Plaintiff has failed to fully respond to John Onorato's First Set of Interrogatories and Request for Production of Documents, as Ordered by the Court on January 4, 2006. However, these motions are simple discovery motions, which do not warrant the designation of this case as a Track II case.

10. Accordingly, Defendant John Onorato has no objection to extending discovery and all other pre-trial deadlines for an additional forty-five (45) days in order to complete depositions. However, Plaintiff should be precluded from scheduling any depositions which she had not already scheduled and should be precluded from serving additional written discovery.

WHEREFORE, Defendant John A. Onorato respectfully requests this Honorable Court to deny Plaintiff's Third Motion to Extend Discovery for seventy-five (75) days and Plaintiff should be permitted to complete only previously scheduled depositions.

Respectfully Submitted:

DELL MOSER LANE & LOUGHNEY, LLC

**JURY TRIAL DEMANDED**

Mark R. Lane, Esquire
Pa. I.D. No. 61923
Attorneys for Defendant, John A. Onorato, Esquire

525 William Penn Place, Suite 3700
Pittsburgh, PA 15219
(412) 471-1180

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **Defendant John A. Onorato's Response in Opposition to Plaintiff's Third Motion to Extend Discovery** has been served upon all counsel of record, this **3rd** day of **February, 2006** as follows:

**By U.S. Mail, Postage Prepaid:**

>Anthony Angelone, Esquire
>Vendetti & Vendetti
>3820 Liberty Street
>Erie, PA 16509
>*Counsel for Plaintiff*

**By Electronic Mail:**

>Timothy D. McNair, Esquire
>Law office of Timothy D. McNair
>821 State Street
>Erie, PA 16501
>*Counsel for Plaintiff*

>Edmond R. Joyal, Esquire
>Gigler & Joyal
>612 Frick Building
>437 Grant Street
>Pittsburgh, PA  15219
>Counsel for County of Erie, et al.

_____
Mark R. Lane, Esquire
Attorney for Defendant,
John A. Onorato, Esquire