IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| ABBY B. CONLEY,<br>      Plaintiff | : <br> : <br> : | **JURY TRIAL DEMANDED** |
| VS. | : <br> : | |
| COUNTY OF ERIE, ERIE COUNTY OFFICE OF CHILDREN AND YOUTH, a/k/a ERIE COUNTY CHILD WELFARE SERVICE, RICHARD SCHENKER, individually and in his capacity as County Executive of Erie County, Pennsylvania, PETER CALLAN, individually and in his capacity as Erie County Director of Personnel, DEBRA LIEBEL, individually and in her capacity as Executive Director, Erie County Office of Children and Youth, a/k/a Erie County Child Welfare Service and JOHN A. ONORATO, ESQUIRE, individually and in his capacity as Erie County Solicitor<br>      Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO. 05-76E |

## MOTION FOR PROTECTIVE ORDER

NOW COMES the Plaintiff, Abby B. Conley, by her attorneys Timothy D. McNair, Esquire and Anthony Angelone, Esquire and respectfully moves this Honorable Court for a protective order regarding depositions to be taken in this matter, respectfully representing:

1.    Plaintiff has noticed and served a subpoena upon Shara Saveikis, and employee of the Commonwealth of Pennsylvania Department of Public Welfare, ("D.P.W.") to give testimony in the above-captioned matter on Wednesday, March 8, 2006

at 1:00 p.m.  Ms. Saveikis investigated a complaint of suspected child abuse made by Plaintiff based on Plaintiff's observation of a co-worker in the course of providing services to a client.  Plaintiff alleges that she was later terminated from her employment in part because she made the report.

2.    Ms. Saveikis has, though counsel, Jeffrey Schomyer, Esq., of the D.P.W. legal office, indicated that Ms Saveikis will not give testimony regarding her investigation of Plaintiff's report of suspected abuse due to the confidentiality provisions of the Child Protective Services Act, 23 Pa.C.S. § 6340 absent an appropriate order of court..

3.    Evidence regarding the nature and content of the investigation is absolutely essential to Plaintiff's case.

4.    Ms. Saveikis, through her counsel, Jeffrey Schmoyer, Esquire is claiming that Ms. Saveikis is barred from testifying pursuant to 23 Pa.C.S. § 6340 which does, indeed, create a limited privilege for such investigations.  However, as the Pennsylvania Superior Court held in *V.B.T. v. Family Services of Western Pennsylvania,* 705 A.2d 1325, 1334(Pa. supra. 1998), *aff'd* 556 Pa. 430, 728 A.2d 953(1999), the interest protected by the privilege must be weighed against the interest the requesting party seeks to advance in his case. The Court should take into consideration the purpose and function of the confidentiality provisions, which include "to encourage reporting of abuse by insuring the persons with knowledge of abuse are not deterred from reporting it by the prospect of the abuser learning their identity and seeking retribution; to facilitate the investigation of abuse by assuring potential witnesses that the information they provide to investigators will not be made public; to facilitate the rehabilitation and treatment of abused children and their

families by encouraging open, frank communications with agency personnel and treatment providers; to encourage the effective operation of the child protective service by enabling it to keep complete and comprehensive files on all aspects of family circumstances without fear that information placed in such files will be subject to scrutiny by persons not involved in the process of rehabilitating the family; and to prevent the innocent victims of abuse from also becoming victims of public stigma by guarding information about the intimate details of their lives from the prying eyes of outsiders." 705 A.2d at 1335-36.

5. In this case, the party requesting disclosure is the reporter of the alleged abuse. Thus, the primary function of the confidentiality provisions does not apply. Further, the identity of the alleged victim is not relevant and need not be disclosed. However, in this case, the identity of the reporting individual was known to the agency and the suspected abuser and, the purposes thought to be advanced by the confidentiality provisions were frustrated when the agency against whom the report was made (Defendant, Child Protective Services) resulted in the "abuser learning [her] identity and seeking retribution" resulting in Plaintiff's dismissal for the fact of making the report.

6. Plaintiff submits that the purposes of the act can be served by referring to the alleged abuser and the alleged victim by either a pseudonym such as "Jane Doe" or by initials. The identity of the alleged abuser and the victim can thus be camouflaged in the transcript and when used at trial, the transcript would not result in any improper disclosure.

7. Plaintiff submits that the investigation conducted by the D.P.W. and its subsequent reports on June 29, 2004 and August 30, 2004 from Shara B. Saveikis, to the

director of OCY, and her oral report given in a conference call on June 29, 2004 with a number of employees of the employer of Plaintiff and the alleged abuser, was clearly a factor in Plaintiff's termination as can be seen by a letter from Michael R. Cauley, Esquire, to John M. Onorato, Esquire containing Cauley's conclusion that Plaintiff lied in making her report against the alleged abuser. What has happened in this case is exactly the kind of retribution that the confidentiality provisions themselves seek to avoid.

8.  Plaintiff requests a protective order permitting the deposition of Shara Saveikis to go forward notwithstanding 23 Pa. C.S. § 6340 on condition that the transcript of the deposition be redacted to omit the names of the alleged victim and the alleged abuser, substituting therefor either a pseudonym or initials.

WHEREFORE, Plaintiff requests an appropriate order.

Respectfully submitted,

LAW OFFICES OF TIMOTHY D. McNAIR

By: s/ Timothy D. McNair
  Timothy D. McNair, Esquire
  Attorneys for Plaintiff
  821 State Street
  Erie, PA 16501
  (814) 452-0700
  tmcnair@velocity.net

VENDETTI & VENDETTI

By: s/ Anthony Angelone
  Anthony Angelone, Esquire
  Attorneys for Plaintiff
  3820 Liberty Street
  Erie, PA 16501
  (814) 868-8541
  aangelone@vendettilaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| ABBY B. CONLEY, | : | **JURY TRIAL DEMANDED** |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| COUNTY OF ERIE, et al. | : | CIVIL ACTION NO. 05-76E |
| Defendants | : | |

## CERTIFICATE OF SERVICE

On this 3rd day of March, 2006, I hereby certify that, in addition to the service through the CMS/ECF System, I sent a true and correct copy of the foregoing Motion for Protective Order to the following by United States mail and email:

Jeffrey Schmoyer, Esquire
Department of Public Welfare, Legal Office
Pittsburgh, PA 15222
jschmoyer@state.pa.us

        Respectfully submitted,

        LAW OFFICES OF TIMOTHY D. McNAIR


        By:    s/ Timothy D. McNair
            Timothy D. McNair, Esquire
            Attorneys for Plaintiff
            821 State Street
            Erie, PA 16501
            (814) 452-0700
            tmcnair@velocity.net