9135

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABBY B. CONLEY, | |
| Plaintiff | |
| v. | **JURY TRIAL DEMANDED** |
| COUNTY OF ERIE, ERIE COUNTY OFFICE OF CHILDREN AND YOUTH, a/k/a ERIE COUNTY CHILD WELFARE SERVICE, RICHARD SCHENKER, individually and in his capacity as County Executive of Erie County, Pennsylvania, PETER CALLAN, individually and in his capacity as Erie County Director of Personnel, DEBRA LIEBEL, individually and in her capacity as Executive Director, Erie County Office of Children and Youth, a/k/a Erie Child Welfare Service and JOHN A. ONORATO, ESQUIRE, individually and in his capacity as Erie County Solicitor, | Civil Action No.: 05-76E<br><br>The Honorable Sean J. McLaughlin |
| Defendants | |

### DEFENDANT JOHN A. ONORATO'S THIRD SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE PLAINTIFF

AND NOW, comes Defendant John A. Onorato, Esquire, by and through his attorneys DELL MOSER LANE & LOUGHNEY, LLC, and Mark R. Lane, Esquire, and hereby requests that Plaintiff, Abby B. Conley, respond to the following Third Set of Interrogatories and Request for Production of Documents within thirty (30) days from the date of service hereof in accordance with the Federal Rules of Civil Procedure.

### INSTRUCTIONS

1. Each Interrogatory and every sub-part thereof should be answered separately and fully on the basis of all information known to the plaintiff.



9135

2. To the extent any information called for by these Interrogatories is unknown to you, so state, and set forth such remaining information as is known. If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

3. To the extent any Interrogatory is objected to, set forth all reasons therefor. If you claim privilege as a ground for not answering any Interrogatory in whole or in part, describe the factual basis for your claim of privilege in sufficient detail so as to permit the court to adjudicate the validity of the claim. If you object in part to any Interrogatory, answer the remainder completely.

4. In responding to each Interrogatory, identify each document relied upon in responding to such Interrogatory, each document containing all or part of the information reported in response to the Interrogatory, and each document relating or referring to the subject matter of, or any fact reported in response to, the Interrogatory.

5. These Interrogatories shall be deemed continuing so as to require additional answers if further information is obtained between the time answers are served and the time of trial. Such additional answers shall be served from time to time, but not later than thirty (30) days after such additional information is received.

## DEFINITIONS

As used in these Interrogatories, the terms listed below are defined as follows:

(A) "You," "Your," "Yourself," any synonym thereof, or "plaintiff," includes Abby B. Conley, her attorneys and individuals acting on her behalf and others who are in possession of

9135

or who have obtained information on behalf of Abby B. Conley regarding matters related to this lawsuit.

(B) "Document" or "Documents" means any writing of any kind, including originals, all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation, correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, interoffice communications, offers, notations or any sort of conversations, telephone calls, meetings or other communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recordings, transcripts, graphic or aural records of representations of any kind, any electronic, mechanical or electrical records or representations of any kind, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody or control.

(C) "Possession," "Custody," or "Control" includes the joint or several possession, custody or control not only by the party to whom these Interrogatories or requests are addressed, but also the joint or several possession, custody or control by each or any other person acting or purporting to act on behalf of the plaintiff, whether as employee, attorney, investigator, agent, sponsor, spokesman, or otherwise.

(D) "Relates to" or "Relate to" means supports, evidences, describes mentions, refers to, contradicts, or comprises.

(E) "Person" or "Individual" means any natural person, film, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association

3

separately identifiable whether or not such association has a separate juristic existence in its own right.

(F) "Identify," "Identity" and "Identification," when used to refer to an entity other than a natural person, means to state its full name, the present or last known address of its principal office or place of doing business, and the type of entity (e.g. corporation, partnership, unincorporated association).

(G) "Identify," "Identity" and "Identification," when used to refer to a natural person means to state the following:

    (1) the person's full name and present or last known home and business address and home and business telephone numbers;

    (2) the person's present title, employer and other business affiliation; and

    (3) the person's home address, home telephone number, business address, and business telephone number at the time of the actions at which Interrogatory is directed.

(H) "Identify," "Identity" and "Identification," when used to refer to a document means to state the following:

    (1) the subject document;

    (2) the title document;

    (3) the type of document (e.g. letter, memorandum, telegram, chart);

    (4) the date of the document, or if the specific date thereof is unknown, the month and year or other best approximation of such date;

    (5) the identity of the person or persons who wrote, contributed to, prepared or originated such document;

    (6) the present or last known location and custody of the document; and

9135

  (7) any other descriptive information necessary in order to adequately describe such document in a subpoena *deuces tecum* or in a motion or request for production thereof.

(I) "His" means his and/or her and/or its and "he" means he and/or she and/or it.

(J) "Representative" means any person acting or purporting to act on behalf of any other person.

(K) "Describe" when referring to a document, shall mean to provide the title or subject, date, originator, addressee and a brief description of the substance therein. When referring to an event, "describe" shall mean to give the date, the names of the persons participating, the time of day, and a brief description of all occurrences, statements and conversations contiguous with and pertaining to that event. When referring to a person or persons, "describe" shall mean to provide the name or names, job title or titles, and a brief description of the person's or persons' role in any event or occurrences, or his or her relationship to the facts set forth in the text of the Request.

(L) The term "date" shall mean the day of the month, the month and the year. If the approximate date is known or available, please state the approximate date indicating that it is an approximation only.

(M) The terms "defendant," or "John A. Onorato, Esquire," shall mean and include John A. Onorato, Esquire, in both his individual capacity and in his official capacity as Solicitor of Erie County, Pennsylvania, his agents, representatives, attorneys (including employees, agents, and representatives of attorneys), and any other person who has or is acting or purporting to act on his behalf for any purpose whatsoever.

(N) "Statement" means any written or typed description of events or recital or someone's knowledge signed or otherwise adopted or approved by the person making it, or a

9135

stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital or an oral statement of the person making it and contemporaneously recorded.

9135

## **INTERROGATORIES**

1) Please identify the name, address, telephone number and employer of each member or representative of the media, press, radio or television with whom you have communicated regarding Erie County Office of Children and Youth and/or your employment at Erie County Office of Children and Youth since January 1, 20004, stating the date of each communication with each individual and the nature of each communication.

**ANSWER:**

2) Identify the name and address of all internet services to which you have subscribed since January 1, 2004, through which you obtained email accounts which were used to transmit communications to third parties regarding your employment, Erie County Office of Children and Youth and/or this lawsuit.

**ANSWER:**

9135

3) Please identify each email account you have held since January 1, 2004, including the identity and address of each service provider and your email address(es) with regard to each such account, if the account was used to transmit information and/or communication(s) to Deanna Cosby, Ed Palatella, Vickie Wilson, Gerald Valella or Amy Jones and/or regarding Erie County Office Children and Youth and/or this lawsuit.

**ANSWER:**

4) Have you deleted, erased or otherwise disposed of or destroyed any emails between you and DeAnna Cosby sent from or received by your home computer at any time since January 1, 2004? If so, state when such emails were deleted or destroyed and produce your hard drives for inspection by an expert.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION OF DOCUMENTS

1) Please produce copies of all letters, notes, memoranda, and/or other documentation which pertain to any communication between you and DeAnna Cosby between January 1, 2004 and the present.

2) Please produce copies of all letters, notes, memoranda, and/or other documentation which pertain to any communication between you and Ed Palatella between January 1, 2004 and the present.

3) Please produce copies of all letters, notes, memoranda, and/or other documentation which pertain to any communication between you and Vickie Wilson between January 1, 2004 and the present.

4) Please produce copies of all letters, notes, memoranda, and/or other documentation which pertain to any communication between you and Gerald Valella between January 1, 2004 and the present, other than with respect to obtaining legal advice regarding his representation of you.

5) Please produce copies of all letters, notes, memoranda, and/or other documentation which pertain to any communication between you and Amy Jones between January 1, 2004 and the present, other than with respect to obtaining legal advice regarding her representation of you.

6) Please produce copies of all emails exchanged between you and DeAnna Cosby between January 1, 2004 and the present.

9135

7) Please produce copies of all emails exchanged between you and Ed Palatella between January 1, 2004 and the present.

8) Please produce copies of all emails exchanged between you and Vickie Wilson between January 1, 2004 and the present.

9) Please produce copies of all emails exchanged between you and Gerald Valella between January 1, 2004 and the present, other than those regarding his representation of you.

10) Please produce copies of all emails exchanged between you and Amy Jones between January 1, 2004 and the present, other than those regarding her representation of you.

DELL, MOSER, LANE & LOUGHNEY, LLC

By _____
Mark R. Lane, Esquire
Pa. I.D. #61923
Attorneys for John A. Onorato, Esquire
Defendant

525 William Penn Place
Suite 3700
Pittsburgh, PA 15213

Phone: (412) 471-1180

**JURY TRIAL DEMANDED**

9135

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **Defendant John A. Onorato's Third Set of Interrogatories and Request for Production of Documents Directed to the Plaintiff** has been served upon all counsel of record by U.S. Mail, postage prepaid, this _9th_ day of January, 2006 as follows:

Anthony Angelone, Esquire
Vendetti & Vendetti
3820 Liberty Street
Erie, PA 16509
*Counsel for Plaintiff*

Timothy D. McNair, Esquire
Law office of Timothy D. McNair
821 State Street
Erie, PA 16501
*Counsel for Plaintiff*

Edmond Joyal, Esquire
The Law Office of Joseph S. Weimer
975 Twp Chatham Center
Pittsburgh, PA 15219
Counsel for County of Erie, et al.

Mark R. Lane, Esquire
Attorney for Defendant,
John A. Onorato, Esquire