**Appendix Exhibit 25**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABBY B. CONLEY,                    )
          Plaintiff          )
                        )
                        )
         v.                 )    CIVIL ACTION NO. 05-76 ERIE
                        )
COUNTY OF ERIE, et al.,            )
          Defendants         )

HEARING ON MOTIONS TO COMPEL

Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Courtroom C, U.S. Courthouse, Erie,

Pennsylvania, on Wednesday, January 4, 2006.

APPEARANCES:

        TIMOTHY D. McNAIR, Esquire, appearing on behalf
        of the Plaintiff.

        ANTHONY ANGELONE, Esquire, appearing on behalf
        of the Plaintiff.

        EDMOND R. JOYAL, JR., Esquire, appearing on
        behalf of Defendants County of Erie, et al.

        MARK R. LANE, Esquire, appearing on behalf of
        Defendant John A. Onorato, Esquire.

        Ronald J. Bench, RMR - Official Court Reporter

EXHIBIT

tabbies

App. Ex. 25

19

1    previously diagnosed with any of those conditions?

2          MR. McNAIR:  She did not testify that she had been

3    diagnosed with schizophrenia or paranoia or addiction.  She did

4    testify that she had remotely been diagnosed with depression

5    and, again, after this incident.  In both cases I believe it

6    was reactive depression.  And these symptoms cleared after a

7    brief period of treatment.  There is no evidence there was any

8    ongoing treatment.  There is no evidence that there was any

9    ongoing condition.

10          THE COURT:  Primarily, though, your objection there

11   is to relevance, is that correct -- or just privilege?

12          MR. McNAIR:  Privilege and relevance, it's over

13   broad.

14          THE COURT:  All right, I'm going to come back and

15   rule on those other ones.  But with respect to 12, where you

16   incorporate by reference, I'm going to direct that you answer

17   that.

18          Number 13, "please identify the name, address,

19   telephone number and employer of each member or representative

20   of the media, press, radio, television or otherwise, with whom

21   you have communicated and the dates of each communication with

22   each such individual since January 1, 2003."  What's wrong with

23   that?

24          MR. McNAIR:  It's over broad.  They're not entitled

25   to know -- your Honor, Ms. Conley has been a member of the

20

1    Pennsylvania State Democratic Committee.  She has been the

2    vice-chair of the City of Erie Human Relations Commission, City

3    Council appointed her, and elected vice-chair by other

4    committee members.  She has served on the Bicentennial

5    Commission for the City of Erie.  She was the chair of the time

6    capsule project of the Bicentennial Tower.  She has spoken

7    publicly on numerous issues, including utility rates,

8    Congressional pay raises, cuts in Medicaid and Medicare.

9    She has been involved in civic activities throughout her adult

10   life.  All of these activities involve her speaking with the

11   press.  They have no relevance to any issue that is pleaded in

12   this case.

13            THE COURT:  Excuse me, what was the date of her

14   termination?

15            MR. McNAIR:  September 10, 2004.

16            THE COURT:  Fourteen, what is your position on 14,

17   name and address of all Internet service providers since

18   January 1, 1995?

19            MR. McNAIR:  Well, your Honor, that is -- obviously,

20   the intent is that they're going to subpoena the Internet

21   service providers and try to get copies of her e-mails.  We

22   might as well face that issue now.  Ms. Conley and I

23   communicate by e-mail on a daily basis, as does Mr. Angelone.

24   She communicates with other people on matters that have

25   absolutely no relevance whatsoever to this case.  That is the