IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ABBY B. CONLEY,
    Plaintiff

   v.        CIVIL ACTION NO. 05-76 ERIE

COUNTY OF ERIE, et al.,
    Defendants


SETTLEMENT


Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Judge's Chambers, U.S. Courthouse, Erie,

Pennsylvania, on Thursday, April 13, 2006.



APPEARANCES:
    TIMOTHY D. McNAIR, Esquire, appearing on behalf
of the Plaintiff.

    ANTHONY ANGELONE, Esquire, appearing on behalf
of the Plaintiff.

    RICHARD A. LANZILLO, Esquire, appearing on

behalf of Defendants County of Erie, et al.

  EDMOND R. JOYAL, JR., Esquire, appearing on behalf of Defendants County of Erie, et al.

  PETER MOLINARO, Esquire, appearing on behalf of Defendant John Onorato, Esquire.

  WALLACE J. KNOX, II, Esquire, appearing on behalf of the County of Erie, et al.

2

1   P R O C E E D I N G S

2

3   (On the record proceedings began at 3:05 p.m., on

4 Thursday, April 13, 2006, in Judge's Chambers.)

5

6   THE COURT:  Now, let's go on the record.  After a

7 five-hour settlement conference, it appears a settlement has

8 been reached at 05-76 Erie.  What I'm going to do, I'm going to

9 turn to Mr. Lanzillo and ask him to recite what he understands

10 to be the material terms and conditions of the settlement.

11 After that I will turn to Mr. McNair to confirm that those are

12 acceptable.  And, thereafter, I will turn to Ms. Conley and

13 confirm that the terms are acceptable to you.  All right, Mr.

14 Lanzillo.

15          MR. LANZILLO:  Thank you, your Honor.  Your Honor,

16   the County agrees to place Ms. Conley in a County position

17   outside of the Office of Children and Youth, and agrees to use

18   its best efforts to place her in that position within a period

19   of four weeks.  The position will be an AFSCME Grade-113

20   position, which is the same grade she would have had had she

21   not left the County.  There would be no loss of seniority.

22          The County agrees that Ms. Conley will not be

23   required to work third shift or will not be placed in a

24   third-shift position.

25          In addition, a total of $90,000 will be paid on

3

1   behalf of the County.  That amount will be allocated as

2   follows:

3          $72,500 will be allocated for counsel fees and

4   costs.

5          $17,500 will be allocated as back pay.

6          The County will make its best effort to obtain

7   payment of those funds within a period of two weeks, and it is

8   confident that can occur.

9        This settlement is a global settlement resolving all

10   claims that Ms. Conley has against the County, known or

11   unknown, whether asserted in this action or otherwise, and an

12   appropriate general release will be executed in favor of the

13   County and the individual defendants, signifying the breadth of

14   the settlement.

15       In addition, Ms. Conley would agree to discontinue

16   the pending lawsuit here in federal court with prejudice.

17       She would also agree to discontinue the grievance

18   arbitration scheduled, I believe, for July of this year. That

19   proceeding would also be discontinued with prejudice.

20       Of course, if there were any other proceedings to

21   which we do not have knowledge, those would need to be

22   discontinued as well, to the extent they relate in any way to

23   this controversy.

24       Ms. Conley would have no right to bump or bid into

25   any position at OCY from her new County position.

                              4

1        (Discussion held off the record.)

2        MR. LANZILLO: Point of clarification, too, on the

3   issue of bidding and bumping.  Obviously, what I'm referring to

4   is any rights that Ms. Conley would have under the collective

5   bargaining agreement or any other labor agreement to secure a

6   position with the Office of Children and Youth, she would be

7   formally agreeing to forego and to waive that as part of the

8   settlement.  I think that covers the terms.

9           THE COURT:  Let me swing over to Attorney McNair,

10  does that accurately reflect the terms and conditions of the

11  settlement as you understand them to be?

12          MR. McNAIR:  With the understanding that -- number

13  one, the County is not prohibited from placing her into any

14  position in any department, she's only relinquishing her right

15  to bid into the Office of Children and Youth, she can still bid

16  into any other position that is available.  If the County wants

17  to put her in OCY, they have the ability to do that.

18          THE COURT:  That comports with your understanding,

19  doesn't it, Mr. Knox?

20          MR. KNOX:  Yes.

21          MR. McNAIR:  The position is going to be a day-shift

22  position, Monday through Friday.  It's not going to require

23  second shift or weekends.

24        THE COURT: That is consistent with your

25 understanding, isn't it, Mr. Knox?

                               5

1        MR. KNOX: That's acceptable, yes.

2        (Discussion held off the record.)

3        THE COURT: Let's go back on the record. Let me

4 just swing to Mr. McNair, having heard the terms and conditions

5 and those clarifications, does that comport with your

6 understanding of the settlement, Mr. McNair?

7        MR. McNAIR: Yes, your Honor.

8        THE COURT: Ms. Conley, having heard the proposed

9 terms and conditions of the settlement and after consultation

10 with your counsel, is that acceptable to you?

11        MS. CONLEY: Yes, sir.

12        THE COURT: And it goes without saying that since

13 you recited them, they're acceptable to you, Mr. Lanzillo. And

14 Mr. Joyal?

15        MR. JOYAL: Yes, your Honor.

16        MR. MOLINARO: So the record is complete, that would

17 also be acceptable, speaking for Mark Lane, I'm Peter Molinaro.

18          THE COURT: Thank you, Mr. Molinaro. The only

19  housekeeping matter that remains to be brought up is I would

20  ask that at the appropriate time, then, that plaintiff's

21  counsel file a Rule 41 dismissal to officially close the case.

22          MR. McNAIR: We would do that once the settlement

23  terms are complete. I'd like to leave the docket open for

24  enforcement purposes.

25          THE COURT: That's fine, as I said at the

6

1  appropriate time. Let me just say for the record, sometimes

2  it's important that the court indicate that it retains

3  jurisdiction. I am retaining jurisdiction in the event any

4  dispute or problem concerning the terms and conditions of this

5  settlement would arise. Which given the clarity with which

6  they've been put on the record, I would find very unlikely.

7  For my purposes we're going to administratively initially close

8  the case. But, as I said, if something should occur in

9  conjunction with this settlement, then you can always return to

10  court. All right, thank you very much.

11

12      (Whereupon, at 3:14 p.m., the Settlement proceedings

13   were concluded.)

14

15                  - - -

16

17

18

19

20

21

22

23

24

25

                              7

1             C E R T I F I C A T E

2

3

4      I, Ronald J. Bench, certify that the foregoing is a

5   correct transcript from the record of proceedings in the

6  above-entitled matter.

7

8

9

10  _____

11  Ronald J. Bench

12

13

14

15

16

17

18

19

20

21

22

23

24

25