1           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
2

3   ABBY B. CONLEY,
            Plaintiff
4
         v.              CIVIL ACTION NO. 05-76 ERIE
5
    COUNTY OF ERIE, et al.,
6           Defendants

7

8            ADDENDUM TO SETTLEMENT

9

10
         Proceedings held before the HONORABLE
11
         SEAN J. McLAUGHLIN, U.S. District Judge,
12
         in Judge's Chambers, U.S. Courthouse, Erie,
13
         Pennsylvania, on Tuesday, May 16, 2006.
14

15

16

17
    APPEARANCES:
18         TIMOTHY D. McNAIR, Esquire, appearing on behalf
            of the Plaintiff.
19
            ANTHONY ANGELONE, Esquire, appearing on behalf

20      of the Plaintiff.

21         RICHARD A. LANZILLO, Esquire, appearing on behalf of Defendants County of Erie, et al.

22

       LARRY MEREDITH, Esquire, appearing on behalf of
23      Defendants County of Erie, et al.

24

25              - - -


                                2


1              P R O C E E D I N G S

2

3      (Whereupon, the proceedings began at 10:30 a.m., on

4  Tuesday, May 16, 2006, in Judge's Chambers.)

5

6         THE COURT:  We're going to go on the record now.

7  This is by way of clarification of the terms and conditions of

8  the settlement that had been reached on April 13, 2006.  I'm

9  now going to turn to Mr. McNair to state on the record what he

10  believes those clarifications to be.  And then I will turn to

11  Mr. Lanzillo to confirm that comports with the County's

12  understanding.  All right, Mr. McNair.

13         MR. McNAIR:  Thank you, your Honor.  The County will

14  pay to the plaintiff $17,500 as partial back pay.  That payment

15  will be subject to appropriate withholding and payment of

16  payroll taxes.  The employer will be responsible for its

17  contribution, the employee will be responsible for her

18  contribution.  And that payment will be reported on the

19  employee's 2006 W-2 form.

20        The County will pay attorney's fees in the total

21  amount of seven $72,500; to be paid $41,521.62 to Timothy D.

22  McNair, under tax ID No. 25166691, and shall be reported on a

23  form 1099 as non-employee compensation; $30,978.38 will be paid

24  to Anthony Angelone, under tax ID No. 02520071, and reported on

25  a form 1099 to Mr. Angelone as non-employee compensation.

3

1         Ms. Conley has been placed into a position with the

2  County that is acceptable to her.  She is being paid at the

3  rate she would have had given her seniority, which I believe is

4  $14.74.9 per hour.  And she was working a 35 hour week, rather

5  than a 37 and a half hour week that she was working at the

6  Office of Children and Youth.  The job is currently posted and

7  she will retain the job unless somebody with superior

8    qualifications or greater entitlement to the job were to bid on

9    it. And the County has represented that no bids have yet been

10   received for that position.

11        The County is going to credit Ms. Conley with

12   vacation, sick pay and personal days on the basis of prorating

13   the back pay to the pay that she would have had had she not

14   been terminated. The Union has calculated that -- actually, I

15   think the County finance office, at the request of the Union,

16   has calculated that at $47,189.31. The back pay is 37 percent

17   of that amount. The sick time calculation is that she would

18   gets 37 percent of 268 hours or 99.53 hours. The vacation time

19   calculation is 37 percent of 275.63 hours, or 101.98 hours.

20   And the personal time calculation of 37 percent of 45 hours or

21   16.65 hours. Those calculations are subject to verification

22   and agreement by the County. If there's a disagreement, that

23   is something that can be subjected to negotiation. And that

24   disagreement would not be considered a breach of the settlement

25   agreement. Assuming that is a bona fide disagreement.

4

1        THE COURT: All right.

2  MR. McNAIR: The County will make a pension

3  contribution based on the back pay amount. And Ms. Conley will

4  make her proportionate contribution to the pension as set forth

5  in the original settlement. She is to be credited with service

6  time for the period of time between her termination and her

7  rehiring by the County. The Union has indicated that they will

8  be withdrawing the grievance --

9  THE COURT: That they filed on her behalf?

10  MR. McNAIR: That they filed on behalf of Abby

11  Conley. I would note that the terms regarding vacation and

12  sick pay and pension and all that were negotiated between

13  AFSCME and the County through AFSCME's attorney, Elena

14  Williams, and Roger Taft for the County. I do have written

15  confirmation of that agreement.

16  With regard to the payments that were due three

17  weeks ago, they haven't been paid. We would like those paid

18  forthwith. In reading the settlement agreement, there was no

19  condition precedent to those payments.

20  THE COURT: Just cutting to the chase, you've heard

21  those clarifications, are those acceptable to the County?

22  MR. LANZILLO: Just a couple of points of

23  clarification, judge. Mr. McNair's recitation concerning the

24  vacation, sick pay and personal days, however the numbers are

25  articulated, they were roughed out for purposes of discussion

                                5

1   today --

2            THE COURT:  The concept was agreeable?

3            MR. McNAIR:  Yes.

4            THE COURT:  It's just a question of pinning it down

5   precisely?

6            MR. LANZILLO:  Right.  Calculating what she would be

7   entitled to, applying 37 percent.  On the pension contribution,

8   I think we're in agreement on that.  The contribution will be

9   made based upon the figure of $17,500, as opposed to any other

10  figures.  Service time, that is something I'll have to discuss

11  with Larry, I don't know how the plan works on that.

12           THE COURT:  Service time apropos to what?

13           MR. McNAIR:  Crediting her years of service for the

14  year and a half she's been out of work.  That clearly is part

15  of the original agreement.

16           THE COURT:  Seniority, what's the confusion about

17  that?

18        MR. LANZILLO:  Seniority under the original

19   agreement, she was to be given her seniority under the

20   collective bargaining agreement to bid into other jobs.  I

21   don't know if there's a problem here, it's an issue I haven't

22   analyzed, I will need to caucus with Mr. Meredith for just a

23   moment, to understand how this works.

24        THE COURT:  You can caucus but keep going, we'll

25   come back to that.

6

1         MR. LANZILLO:  That's why I wanted to identify that

2    issue, judge.  With these plans I've had similar situations

3    where people try to modify, this would not be an ERISA plan

4    because it's a government plan.  You can't just change the

5    terms of employment.

6         THE COURT:  We'll come back to it.  Go ahead.

7         MR. LANZILLO:  Mr. McNair mentioned a figure on Ms.

8    Conley's hourly rate of pay.  I don't have confirmation of

9    that, I think we're on the same page.  If I understand, she is

10   going to receive a rate of pay --

11        THE COURT:  That she would have been entitled to, is

12  that right?

13          MR. LANZILLO: Had she continued employment, I think

14  there were two intervening pay increases, whatever that amount

15  is, that's what she will get. As to the checks, judge, as you

16  know, I was just handed a release today.

17          THE COURT: Do you have with you -- it looks like a

18  check there?

19          MR. LANZILLO: These are the attorney's fees checks,

20  which I've been holding pending a resolution of the dispute.

21  I don't have Ms. Conley's check because with all of the changes

22  that have taken place over the last several weeks, in terms of

23  structure --

24          THE COURT: Is that the last thing you wanted to

25  address with me, the checks?

                                    7


1           MR. LANZILLO: Yes.

2           THE COURT: All right, let's go off the record for

3   one second.

4           (Discussion held off the record.)

5           THE COURT: Just by way of addressing again the

6   question of seniority, what are you going to do for her?

7          MR. LANZILLO:  On the issue of the pension, having

8   just conferred with Attorney Meredith, we are going to give her

9   pension credit to the same extent she would have received that

10  credit for continuous service as if her service had been

11  uninterrupted.

12         THE COURT:  That's fine with you?

13         MR. McNAIR:  That's agreeable.

14         THE COURT:  Then that having been said, so I'm very

15  clear on this, all of the clarifications articulated by Mr.

16  McNair are acceptable to the County, is that correct?

17         MR. LANZILLO:  Yes, your Honor.

18         THE COURT:  All right.  Now, go off the record just

19  a second here.

20         (Discussion held off the record.)

21         THE COURT:  Let's go back on the record.  Finally,

22  Mr. Lanzillo informs me that he has with him the attorney's

23  fees drafts which I'm going to direct he distribute to

24  plaintiff's counsel.  My understanding is that the check from

25  St. Paul will be sent made payable directly to the County and

8

1  the County will then distribute those funds to the plaintiff,

2  and that is in the works, is that right?

3          MR. LANZILLO:  Yes.  Subject, of course, to

4  withdrawal of the grievance and discontinuation of this action.

5          THE COURT:  All right, then distribute them.  All

6  right, thank you, gentlemen.

7

8          (Whereupon, at 10:41 a.m., the proceedings were

9  concluded.)

10

11                   - - -

12

13

14

15

16

17

18

19

20

21

22

23

24

25

9

1      C E R T I F I C A T E

2

3

4

5      I, Ronald J. Bench, certify that the foregoing is a

6  correct transcript from the record of proceedings in the

7  above-entitled matter.

8

9

10

11  _____

12  Ronald J. Bench

13

14

15

16

17

18

19

20

21

22

23

24

25